**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

WASHINGTON, DC

TYSONS CORNER, VA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

—————

BRUSSELS, BELGIUM

—————

AFFILIATE OFFICES

MUMBAI, INDIA

**NEW YORK, NEW YORK 10178**

—————

(212) 808-7800

FACSIMILE

(212) 808-7897

www.kelleydrye.com

DIRECT LINE: (212) 808-7584

EMAIL: sflanagan@kelleydrye.com

May 10, 2011

**VIA ECF**

The Honorable Judge Lois Bloom
United States Magistrate Judge
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

> Re:   *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life*
> *Insurance Trust v. John Hancock Life Insurance Company*,
> Docket No. 11-cv-01873 (DLI)(LB)

Dear Judge Bloom:

        This firm represents defendant John Hancock Life Insurance Company ("John Hancock"), in the above-referenced action (the "Action").  Pursuant to Your Honor's Individual Rules and Practices, we write to request a second extension of time in which to file an answer to Plaintiff's complaint, dated December 10, 2010 (the "Complaint").  This case was filed in the New York State Supreme Court, Kings County and John Hancock duly removed this matter to this Court on April 15, 2011.  On April 20, 2011, John Hancock requested, and this Court granted, its request to extend its time to answer from April 22, 2011 to May 12, 2011.

        John Hancock respectfully requests a further 60-day extension in which to file its answer, from May 12, 2011 to July 11, 2011.  Plaintiff Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust (the "Plaintiff") alleges that the Trust is owed approximately $10 million as beneficiary of two life insurance policies insuring the life of Ms. Sara Hollander (the "Policies").  Pursuant to the Policies, John Hancock has the right to investigate a claim when made within the first two years of the issuance of the Policy (i.e., the "Contestability Period").  Specifically, the Policies provide that they are "incontestable after [they] have been in force during the lifetime of the Life Insured [Sara Hollander] for two Policy Years from the Issue Date."  Here, the Policies were purportedly issued by John Hancock on April 16 and May 15, 2008 and Ms. Hollander, upon information and belief, died on December 13, 2009, within the Contestability Period.  Plaintiff filed a claim for benefits under the Policies

**KELLEY DRYE & WARREN** LLP

The Honorable John J. Gleeson
May 10, 2011
Page Two

on November 2, 2010.  Following its receipt of the claim, John Hancock began an investigation into the Policies.

During the initial stage of John Hancock's investigation, it has found that Ms. Hollander and Plaintiff appear to have made material misrepresentations in the application for the Policies concerning Ms. Hollander's income and net worth.  In addition, John Hancock, as part of its investigation, sought the insured's medical records and requested that Plaintiff provide HIPPA-compliant medical authorizations permitting Ms. Hollander's treating physicians and hospital, at the time of her death, to release her medical records to John Hancock.  To date, Plaintiff has failed to provide the requested HIPPA-compliant medical authorizations.  On May 6, 2011, however, Plaintiff's counsel informed John Hancock that their client will provide the requested HIPPA releases.

Notwithstanding the fact that John Hancock will likely deny Plaintiff's claim for the death benefits under the Policies based on the material misrepresentations concerning the insured's income and net worth, John Hancock may also have grounds for rescission of the Policy based on material misrepresentations concerning Ms. Hollander's medical condition and history based on the results of its medical investigation.

Therefore, in order to preserve all of its defenses and counterclaims in this Action, John Hancock would like the opportunity to review the medical files produced by Ms. Hollander's doctors before submitting its answer in this Action.  Accordingly, we respectfully request a second extension of time to answer the Complaint.  We also request leave to seek a further extension in the event that Ms. Hollander's doctors and the hospital do not provide the requested information in a timely fashion.

We have contacted Plaintiff's counsel and he consent to this extension of time. This is our second request for an extension and there are no other scheduled deadlines affected by this request.

Thank you for your consideration.

Respectfully submitted,

Sean R. Flanagan

cc:     David BenHaim, Esq. (via Electronic Mail)