UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIRLEY WRUBEL, AS TRUSTEE OF THE SARA HOLLANDER IRREVOCABLE LIFE INSURANCE TRUST<br><br>Plaintiff,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY<br><br>Defendant. | CIVIL ACTION NO: 11-cv-01873 (DLI) (LB)<br><br>**DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY'S <u>ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>** |

John Hancock Life Insurance Company (U.S.A.), incorrectly identified as John Hancock Life Insurance Company, by its attorneys Kelley Drye & Warren LLP, hereby answers Plaintiff's Complaint and alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Denies the allegations contained in Paragraph 3 of the Complaint except admits that the former John Hancock Life Insurance Company, a Massachusetts insurance company, now operates as John Hancock Life Insurance Company (U.S.A.), a Michigan insurance company and is authorized to sell life insurance through the New York State Insurance Department.

4. Denies the allegations contained in Paragraph 4 of the Complaint except admits

that John Hancock issued life insurance policy, number 93 745 073 (the "073 Policy") insuring the life of Sara Hollander.

5. Denies the allegations contained in Paragraph 5 of the Complaint except admits that John Hancock issued life insurance policy, number 94 051 075 (the "075 Policy") insuring the life of Sara Hollander.

6. Denies the allegations contained in Paragraph 6 of the Complaint, except admits that the 073 Policy was a policy with a face amount of $5 million insuring the life of Sara Hollander and that the 075 Policy was a policy with a face amount of $5 million insuring the life of Sara Hollander.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies the allegations contained in Paragraph 10 of the Complaint, except admits that the Trustee submitted a Statement of Claim for Death Benefit on or about November 2, 2010 (the "Death Benefit Claim").

11. Denies the allegations contained in Paragraph 11 of the Complaint, except admits that it is still investigating Plaintiff's Death Benefit Claim and Plaintiff has failed to fully cooperate with John Hancock's investigation concerning the insured's medical history and certain representations made by the insured in her applications for the Policies.

12. Admits the allegations contained in Paragraph 12 of the Complaint, and asserts that the insured died within two-years of the issuance of the Policies and the Plaintiff's claim is,

therefore, within the Policies' contestability period. Accordingly, John Hancock, pursuant to the Policies, has a right to investigate the Death Benefit Claim. Additionally, Plaintiff, pursuant to the Policies, is obligated to cooperate with John Hancock's investigation. To date, John Hancock is still investigating the Death Benefit Claim and Plaintiff has refused to fully cooperate by not agreeing to return medical release forms and refusing to be interviewed by John Hancock's investigator.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies Plaintiff is entitled to any of the damages set forth in the "Wherefore" clause of the Complaint.

## AFFIRMATIVE DEFENSES

### AS TO THE FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a claim upon which relief can be granted.

### AS TO THE SECOND AFFIRMATIVE DEFENSE

18. Plaintiff's action is barred for failure to comply with the conditions of the Policy, to wit, cooperating with John Hancock in providing medical and financial information concerning the insured.

### AS TO THE THIRD AFFIRMATIVE DEFENSE

19. Plaintiff's action is barred for failing to meet a condition precedent.

### AS TO THE FOURTH AFFIRMATIVE DEFENSE

20. Plaintiff's injuries, if any, are the result of Plaintiff's own culpable conduct.

## AS TO THE FIFTH, SIXTH AND SEVENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIMS

Defendant/Counterclaimant John Hancock Life Insurance Company, now operating as John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), by and through its undersigned counsel, as and for its counterclaims (the "Counterclaims") against Plaintiff/Counterclaim defendant Shirley Wrubel ("Wrubel"), as Trustee of the Sara Hollander Irrevocable Life Insurance Trust (the "Trust"), alleges as follows:

### NATURE OF ACTION

This is an action for declaratory relief and rescission of two life insurance policies issued by John Hancock to the Trust, Policy No's. 93 745 073 and 94 051 075 (the "Policies"). The Policies insured Sara Hollander's ("Hollander") life and named the Trust as owner and beneficiary. However, it was issued due to material misrepresentations and fraudulent conduct. Hollander's fraudulent misrepresentation of her income on the application for life insurance induced John Hancock to issue life insurance policies that it never would have issued had it known Hollander's true income and net worth. In the Life Insurance Application, signed and dated February 12, 2008 and May 7, 2008, Hollander represented her annual personal income as $200,000 and her net worth to be $9,000,000. However, upon investigation, John Hancock has learned that Hollander's annual personal income and her net worth is far below what she represented to John Hancock. Had Hollander accurately represented her income and net worth to John Hancock, John Hancock would have never issued the Policies with a total death benefit of $10,000,000.

### THE PARTIES

1.   John Hancock is a life insurance company organized under the laws of the state of Michigan and maintains a principle place of business in the state of Massachusetts. John

4

Hancock is a citizen of the states of Michigan and Massachusetts within the meaning and intent of 28 U.S.C. § 1332.

2. The Trust is a New York state trust and is a citizen of the state of New York within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

3. This action is brought as a declaratory judgment pursuant to 28 U.S.C. § 2201.

4. John Hancock is a citizen of the states of Michigan and Massachusetts.

5. The Trust is a citizen of the state of New York and is subject to the jurisdiction and venue of this Court.

6. Plaintiff and Defendant are citizens of different states and, as is more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees, and costs. Therefore, this Court has jurisdiction by virtue of 28 U.S.C. § 1332.

7. This Court is a proper venue for this declaratory judgment action pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to this claim occurrence in this judicial district.

8. John Hancock seeks declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

## FACTUAL BACKGROUND

### A. The Policies' Applications

9. John Hancock is, and during all relevant times has been, engaged in the business of selling life insurance, and is authorized to sell life insurance in New York.

10. Upon information and belief, Wrubel is the daughter of Hollander and is a resident of Brooklyn, New York. Wrubel, as Trustee of the Trust is the owner of the Policy.

11. Hollander is insured under the Policies for a total of $10 million. The Applications represented this amount was for "estate planning."

#### 1. The Application for Policy No. 93 745 073

12. On or about February 12, 2008, Hollander applied for a life insurance policy with John Hancock to insure her life (the "February Application"). The February Application was signed by Hollander and Wrubel in Clifton, New Jersey on February 12, 2008. (A Copy of the February Application is attached hereto as Exhibit A)

13. In the February Application, Hollander, as the proposed insured, and Wrubel, as the Trustee of the proposed owner, declared "that the statements and answers in this application and any form that is made part of this application are complete and true to the best of [their] knowledge and [they] believe that they are correctly recorded."

14. In response to Question 13(d) and (e) of the February Application, Hollander represented that she had a personal income of $200,000 and a net worth of $9,000,000.

15. In executing the February Application, Hollander and Wrubel knew that they were required to provide truthful, accurate and honest answers to the questions present on the insurance applications.

16. In executing the February Application, Hollander and Wrubel knew that John Hancock would rely upon all the answers recorded on the insurance application and referenced documents in determining whether Hollander was insurable and otherwise qualified for the policy of life insurance applied for. All representations in the February Application, and accompanying documents were material and were made for the purpose of inducing John Hancock to issue the 073 Policy.

14. The February Application was re-typed by John Hancock because the agent who signed the February Application was not an authorized John Hancock representative at the time the February Application was signed. This application was later executed by the Plaintiff and the Insured in their application for the 075 Policy.

13. Based upon Hollander's representations in the February Application, John Hancock agreed to issue Policy number 93 745 073 as of April 16, 2008. (A Copy of the Policy is attached hereto as Exhibit B)

2. **The Application for Policy No. 94 051 075**

14. On or about May 7, 2008, Hollander applied for a second life insurance policy with John Hancock to insure her life (the "May Application"). The May Application was signed by Hollander and Wrubel in Clifton, New Jersey on May 7, 2008. (A Copy of the May Application is attached hereto as Exhibit C)

15. In the May Application, Hollander, as the proposed insured, and Wrubel, as the Trustee of the proposed owner, declared "that the statements and answers in this application and any form that is made part of this application are complete and true to the best of [their] knowledge and [they] believe that they are correctly recorded."

16. In response to Question 13(d) and (e) of the May Application, Hollander

represented that she had a personal income of $200,000 and a net worth of $9,000,000.

17. In executing the May Application, Hollander and Wrubel knew that they were required to provide truthful, accurate and honest answers to the questions present on the insurance applications.

18. In executing the May Application, Hollander and Wrubel knew that John Hancock would rely upon all the answers recorded on the insurance applications and referenced documents in determining whether Hollander was insurable and otherwise qualified for the policy of life insurance applied for. All representations in the May Application, and accompanying documents were material and were made for the purpose of inducing John Hancock to issue the 075 Policy.

19. Based upon Hollander's representations in the Application, John Hancock agreed to issue Policy number 94 051 075 as of May 15, 2008. (A Copy of the Policy is attached hereto as Exhibit D)

## B. Wrubel Has Failed to Cooperate Pursuant to the Policies

20. The Policies, when issued, contained "Incontestability" provisions which stated, in part: "This policy shall be incontestable after it has been in force during the lifetime of the Life Insured for two Policy Years from the Issue Date, except for policy termination, or any provision for reinstatement or policy change requiring evidence of insurability." See, Exhibits B and D at § 22.

21. The "Life Insured," under the Polices, was defined as Sara Hollander. See, Exhibits B and D at 1.

22. A "Policy Year," pursuant to the Policies, was determined from the Policy Date which "is the date from which charges for the first Monthly Deduction are calculated."

See, Exhibits B and D at § 3.

23. The "Issue Date" was defined in the Policies as "the date shown in the Policy Specifications of this policy from which the Suicide and Incontestability provisions are applied." See, Exhibits B and D at § 3.

24. Policy number 93 745 073 was issued on April 16, 2008 and Policy number 93 051 075 was issued on May 15, 2008. See, Exhibits B and D at § 1.

25. Accordingly, the contestability periods under the Policies were to expire on April 16, 2010 and May 15, 2010, respectively.

26. Upon information and belief, Hollander died on December 13, 2009, within the two-year contestability periods under the Policies.

27. On or about November 2, 2010, Wrubel submitted a claim for benefits for each of the Policies.

27. As a result of Hollander's death within the contestability period, John Hancock has a right to investigate the circumstances of Hollander's death, and the representations she and Wrubel made on the Applications.

28. Wrubel, in turn, has a duty under the issuance of the Policies and common law to act in good faith and to cooperate with John Hancock's investigation.

29. On or about November 18, 2010, John Hancock requested an interview with Wrubel. To date, Wrubel has refused to be interviewed by John Hancock.

C. **Hollander and Wrubel Misrepresented Insured's Net Worth**

30. The February Application and the May Application (the "Applications"), along with the Policies, provide for a two year contestable period, which gives John Hancock the right to review the information given by Hollander at the time of the application if a loss occurs

9

within the first two years of the Policies from the date of issue or reinstatement. Hollander died on December 13, 2009 – within the first two years of the Policies issuance.

31. During John Hancock's investigation, John Hancock, upon information and belief, believes that Hollander misrepresented her income and net worth in the Applications.

32. Pursuant to John Hancock's underwriting policy, had it known of Hollander's true income and net worth, it would not have issued the Policies.

**AS TO THE FIFTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM
DECLARATORY RELIEF/RESCISSION OF POLICY DUE TO MATERIAL
MISREPRESENTATIONS CONCERNING HOLLANDER'S FINANCIAL CONDITION**

33. John Hancock repeats and realleges the allegations in paragraphs 1 through 32, as if fully set forth herein.

34. Hollander made material misrepresentations concerning her financial condition in the Applications. These misrepresentations were material either to the acceptance of the risk or the hazard assumed by John Hancock.

35. John Hancock would not in good faith have issued the Policies if Hollander's true financial condition had been known.

36. As a result of these material misrepresentations, the Policies are void *ab initio* and should be rescinded.

37. Accordingly, John Hancock is entitled to a declaratory judgment that the Policies are null and void *ab initio*, that John Hancock has no obligation to pay benefits under the Policies, and that the Policies are rescinded.

**AS TO THE SIXTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM
RESCISSION FRAUDULENT INDUCEMENT**

38. John Hancock repeats and realleges the allegations in paragraphs 1 through 37, as if fully set forth herein.

39. John Hancock was fraudulently induced to enter into the Policies through misrepresentations and omissions. Specifically, John Hancock was fraudulently induced to believe that Hollander had a personal income as represented in Question 13(d) and (e) of the Applications, when she did not.

40. Upon learning that it had been fraudulently induced to enter into the insurance contract at issue, John Hancock has promptly taken action to rescind the transaction via the filing of this action.

41. Accordingly, John Hancock is entitled to a declaratory judgment that the Policies did not take effect due to fraudulent inducement and that the Policies are void *ab initio* as a result of the fraudulent inducement.

## AS TO THE SEVENTH AFFIRMATIVE DEFENSE AND THIRD COUNTERCLAIM RESCISSION OF POLICY AS A RESULT OF HOLLANDER'S HEALTH INVESTIGATION

42. John Hancock repeats and realleges the allegations in paragraphs 1 through 41, as if fully set forth herein.

43. Since being notified of Hollander's death and the claim on the Policies, John Hancock has attempted to investigate Plaintiff's claim pursuant to § 3 of the 073 Policy and 075 Policy.

44. John Hancock, among other things, has attempted to obtain Hollander's medical records.

45. Plaintiff has delayed in granting John Hancock permission to obtain Hollander's medical records which, in turn, has delayed John Hancock from being able to fully complete its investigation into Plaintiff's claim for benefits under the Policies.

46. Accordingly, John Hancock, upon information and belief, alleges that Hollander made material misrepresentations concerning her health in the Applications.

11

47. John Hancock would not in good faith have issued the Policies if Hollander's true medical condition had been known.

48. As a result of these material misrepresentations, the Policies are void *ab initio* and should be rescinded.

49. Accordingly, John Hancock is entitled to a declaratory judgment that the Policies are null and void *ab initio*, that John Hancock has no obligation to pay benefits under the Policies, and that the Policies are rescinded.

## AS TO THE EIGHTH AFFIRMATIVE DEFENSE AND FOURTH COUNTERCLAIM COMPELLING PLAINTIFF TO SIT FOR AN INTERVIEW BY JOHN HANCOCK

50. John Hancock repeats and realleges the allegations in paragraphs 1 through 49, as if fully set forth herein.

51. Hollander died within two years from the issuance of the Policies.

52. As a result, pursuant to the terms of the Policies, John Hancock has the right to investigate the circumstances of Hollander's death and the representations she and Wrubel made in the Applications.

53. Wrubel has failed to cooperate with John Hancock's investigation by failing to agree to be interviewed by John Hancock's investigator.

54. Accordingly, John Hancock is entitled to an order directing Wrubel to sit for an interview by John Hancock's investigators.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Hancock respectfully requests judgment:

(a) Dismissing the Complaint;

(b) Declaring that the Policies were never effective and are not effective, and are null and void *ab initio* and are of no force and effect, and that John Hancock owes no obligations under the Policies.

(b) Declaring that Plaintiff and her successors in interest have not, do not, and will not have any valid right or interest of claim to any benefit under or from the Policies.

(c) Determining and declaring what amount of premiums John Hancock is entitled to have returned.

(d) Ordering the Policies be rescinded, and are and have been null and void *ab initio*, and that John Hancock has no obligation to pay benefits or otherwise render any performance under the Policies.

(e) Ordering Plaintiff to cooperate with John Hancock's investigation by compelling Plaintiff to sit for an interview with John Hancock's investigator.

(f) Awarding damages occasioned by the wrongful acts of Plaintiff in an amount to be determined at trial.

Dated: New York, New York
July 11, 2011

                                          KELLEY DRYE & WARREN LLP

                                          By: */s/ James V. O'Gara*
                                                 James V. O'Gara
                                                 Neil Merkl
                                                 Sean R. Flanagan
                                                 101 Park Avenue
                                                 New York, New York 10178
                                                 (212) 808-7800

                                                 *Attorneys for Defendant*
                                                 *John Hancock Life Insurance*
                                                 *Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2011 I caused to be served the attached DEFENDANT JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO SHIRLEY WRUBEL, AS TRUSTEE OF THE SARA HOLLANDER IRREVOCABLE LIFE INSURANCE TRUST complaint, dated December 10, 2010, in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Ira S. Lipsius, Esq.
Schindel, Farman, Lispsius, Gardner & Rabivovich, LLP
14 Penn Plaza
New York, NY 10122
*Attorneys for Plaintiff Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust*

Dated: July 11, 2010

                                                          /s/ *James V. O'Gara*
                                                          James V. O'Gara