UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHIRLEY WRUBEL, as Trustee of the Sara Hollander     Docket No. 11-cv-01873
Irrevocable Life Insurance Trust,     (DLI)(LB)

           Plaintiff,

   -against-                                      **PLAINTIFF'S ANSWER**
                                                         **TO COUNTERCLAIM**

JOHN HANCOCK LIFE INSURANCE CO.,

           Defendant.
----------------------------------------------------------------------X

       Shirley Wrubel, as the Trustee of the Sara Hollander Irrevocable Life Insurance Trust (the "Trust"), by her attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich LLP, as and for her answer to defendant's counterclaims, alleges as follows:

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the counterclaim.

       2.      Admits the allegations contained in paragraph 2 of the counterclaim.

       3.      Denies the allegations contained in paragraph 3 of the counterclaim except admits that this action seeks a declaratory judgment.

       4.      Admits the allegations contained in paragraph 4 of the counterclaim.

       5.      Admits the allegations contained in paragraph 5 of the counterclaim.

       6.      Admits the allegations contained in paragraph 6 of the counterclaim.

       7.      Admits the allegations contained in paragraph 7 of the counterclaim.

       8.      Denies the allegations contained in paragraph 8 of the counterclaim except admits that this action seeks a declaratory judgment.

       9.      Admits the allegations contained in paragraph 9 of the counterclaim.

10. Admits the allegations contained in paragraph 10 of the counterclaim.

11. Denies the allegations contained in paragraph 11 of the counterclaim, but admits that the policies total $10 million and refers to the policy for the contracts contained therein.

12. Admits the allegations contained in paragraph 12 of the counterclaim.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the counterclaim.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the counterclaim.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the counterclaim.

16. Denies the allegations contained in paragraph 16 of the counterclaim.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in second paragraph 14 of the counterclaim.

18. Denies the allegations contained in second paragraph 13 of the counterclaim.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in second paragraph 14 of the counterclaim.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in second paragraph 15 of the counterclaim.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in second paragraph 16 of the counterclaim.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the counterclaim.

23. Denies the allegations contained in paragraph 18 of the counterclaim.

24. Denies the allegations contained in paragraph 19 of the counterclaim.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the counterclaim, and refers to the terms of the policies as contained therein.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the counterclaim, and refers to the terms of the policies as contained therein.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the counterclaim, and refers to the terms of the policies as contained therein.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the counterclaim, and refers to the terms of the policies as contained therein.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the counterclaim, and refers to the terms of the policies as contained therein.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the counterclaim, and refers to the terms of the policies as contained therein.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the counterclaim, and refers to the terms of the policies as contained therein.

32. Admits the allegations contained in paragraph 27 of the counterclaim.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in second paragraph 27 of the counterclaim.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the counterclaim.

35. Denies the allegations contained in paragraph 29 of the counterclaim.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the counterclaim, and refers to the terms of the policies as contained therein.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the counterclaim.

38. Denies the allegations contained in paragraph 32 of the counterclaim.

## AS TO THE FIRST COUNTERCLAIM

39. Answering defendant incorporates by reference her answers to paragraphs 1 through 33 of the counterclaim as if set forth at length herein.

40. Denies the allegations contained in paragraph 34 of the counterclaim.

41. Denies the allegations contained in paragraph 35 of the counterclaim.

42. Denies the allegations contained in paragraph 36 of the counterclaim.

43. Denies the allegations contained in paragraph 37 of the counterclaim.

## AS TO THE SECOND COUNTERCLAIM

44. Answering defendant incorporates by reference her answers to paragraphs 1 through 37 of the counterclaim as if set forth at length herein.

45. Denies the allegations contained in paragraph 39 of the counterclaim.

46. Denies the allegations contained in paragraph 40 of the counterclaim.

47. Denies the allegations contained in paragraph 41 of the counterclaim.

## AS TO THE THIRD COUNTERCLAIM

48. Answering defendant incorporates by reference her answers to paragraphs 1 through 41 of the counterclaim as if set forth at length herein.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the counterclaim.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the counterclaim.

51. Denies the allegations contained in paragraph 45 of the counterclaim.

52. Denies the allegations contained in paragraph 46 of the counterclaim.

53. Denies the allegations contained in paragraph 47 of the counterclaim.

54. Denies the allegations contained in paragraph 48 of the counterclaim.

55. Denies the allegations contained in paragraph 49 of the counterclaim.

## AS TO THE FOURTH COUNTERCLAIM

56. Answering defendant incorporates by reference her answers to paragraphs 1 through 50 of the counterclaim as if set forth at length herein.

57. Admits the allegations contained in paragraph 51 of the counterclaim.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the counterclaim.

59. Denies the allegations contained in paragraph 53 of the counterclaim.

60. Denies the allegations contained in paragraph 54 of the counterclaim.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The counterclaim fails to state a claim upon which relief can be granted and should, therefore, be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

John Hancock and/or its agents was/were aware, or could have made itself/themselves aware, of all of the facts surrounding the policies and the insured, and therefore has/have waived any alleged basis to void the policies for false application.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

John Hancock and/or its agents was/were aware, or could have made itself/themselves aware, of all of the facts surrounding the policies and the insured and is estopped from rescinding the policies.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

John Hancock, through its actions, has ratified the insurance policies.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

John Hancock has failed to state any cause of action against the Trust.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

John Hancock is not the real party in interest.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

John Hancock's claim is barred under the doctrine of "unclean hands."

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

John Hancock's claim is barred under the doctrine of laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

John Hancock's claim is barred by the statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The counterclaim is untimely and brought after the time allowed by the policy and applicable insurance statutes.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Sara Hollander believed she was worth what she represented in her application.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

At the time John Hancock sold and issued the Policy, John Hancock was actively engaged in the business of selling life insurance policies on the lives of elderly individuals without regard to the income or net worth of the insured.

John Hancock sold many such life insurance policies constituting many hundreds of millions of dollars of life insurance.

John Hancock was well aware at the time it sold and issued the Policy that it was selling life insurance policies on the lives of elderly individuals without regard to the financial condition of the insured, and that this practice was widespread.

John Hancock actively and knowingly engaged in the business of selling life insurance on elderly individuals to such life insurance trusts.

John Hancock either viewed this practice as lawful and legitimate, or willfully turned a blind eye to it.

John Hancock accepted premium payments on such life insurance policies with the hope that the policies would lapse for failure to pay premiums so that John Hancock can keep all of the insurance premiums paid without providing any coverage.

In the event a policy would not lapse within the two year contestability period, John Hancock would challenge the validity of the policies and keep the premiums.

In the event an insured would die before the policy became profitable, John Hancock would not pay the benefits and instead challenge the policy and seek to keep the premiums.

Plaintiff was aware that John Hancock, by its conduct, deemed the business of selling such policies to be proper and acceptable.

John Hancock encouraged plaintiff to purchase insurance, not interested in the insured's financial condition.

Having actively and publicly endorsed the foregoing business practices, having by virtue of its conduct legitimized these practices, having induced plaintiff to acquire the Policies, and having accepted premium payments with respect to the Policies, John Hancock is estopped from repudiating the Policy and disavowing its legitimacy.

In this case, John Hancock has no reason whatsoever to believe Sara Hollander misrepresented her medical or financial condition in the application and has alleged such without any foundation.

By virtue of the foregoing, John Hancock is estopped from seeking rescission of the Policy on the ground of the financial representations made in the policy.

**WHEREFORE**, it is respectfully requested that the Counterclaim as against the Trustee, be dismissed in its entirety, together with such other and further relief as this Court deems just

and proper.

Dated: New York, New York
       August 16, 2011

                          SCHINDEL, FARMAN, LIPSIUS,
                          GARDNER & RABINOVICH LLP
                          Attorneys for Plaintiff

                          By: _____
                              David BenHaim
                          14 Penn Plaza, Suite 500
                          New York, NY 10122
                          212-563-1710