UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIRLEY WRUBEL, AS TRUSTEE OF THE SARA HOLLANDER IRREVOCABLE LIFE INSURANCE TRUST<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY<br><br>    Defendant. | CIVIL ACTION NO: 11-cv-01873 (DLI) (LB)<br><br>**JOINT RULE 26(f) JOINT DISCOVERY PLAN** |

**JOINT RULE 26(f) REPORT AND PROPOSED ORDER**

  Plaintiff Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust and Defendant John Hancock Life Insurance Company (collectively the "Parties"), submit this Joint Rule 26(f) Report and attached Proposed Scheduling Order in accordance with the Court's July 12, 2011 Order, and Federal Rule of Civil Procedure 26(f).  The Parties initially conferred via telephone on August 16, 2011.  And a final proposed Discovery Plan was agreed to on August 22, 2011.  The Parties agree on each of the items in the proposed schedule annexed hereto.

Dated: New York, New York
    August 23, 2011

                  Respectfully submitted,

| | |
|---|---|
| SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP | KELLEY DRYE & WARREN LLP |
| | |
| By: /s/ David Benhaim<br>  David BenHaim<br>14 Penn Plaza, Suite 500<br>New York, New York 10122<br>(212) 563-1710<br>Attorneys for Plaintiff | By: /s/ Sean R. Flanagan<br>  James V. O'Gara<br>  Sean R. Flanagan<br>101 Park Avenue<br>New York, New York 10178<br>Phone (212) 808-7800<br>Attorneys for Defendant |

INITIAL CONFERENCE QUESTIONNAIRE

**CASE NAME: Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust vs. Defendant John Hancock Life Insurance Company**

**DOCKET NO.: 11-cv-01873 (DLI) (LB)**

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made:  August 23, 2011

2. If additional interrogatories beyond the 25 permitted under Rule 33(a) of the Federal Rules of Civil Procedure are needed, the maximum number by: plaintiff(s) _No_____ and defendant(s) __No_____

3. Maximum number of requests for admission by:  Plaintiff(s) _20_ and Defendant(s) _20_

4. Number of depositions by Plaintiff(s) of:  parties 4-6___ non-parties _1-2_

5. Number of depositions by Defendant(s) of:  parties _1_ non-parties _2-3_

6. Time limits for depositions:  _____7 Hours_____

7. Date for completion of factual discovery:  _____January 31, 2012_____

8. Number of expert witnesses of Plaintiff(s):  ___ medical   _2__ non-medical

    Date for expert report(s):  ___March 30, 2012_____

9. Number of expert witnesses of Defendant(s):  ____ medical   __1___ non-medical

    Date for expert report(s):  ___March 30, 2012_____

10. Date for completion of expert discovery:  ___May 18, 2012_____

11. Time for amendment of the pleadings by Plaintiff(s) __October 31, 2011_____ or by defendant(s) _____November 30, 2011_____

12. Number of proposed additional parties to be joined by Plaintiff(s) _____ and by Defendant(s) _____ and time for completion of joinder:  ___September 30, 2011_____

13. Types of contemplated dispositive motions:

    Plaintiff:  Motion for summary judgment on the grounds that the application was not signed or attached to the policy when delivered. Motion for summary judgment on the grounds that the representations were accurate and/or non-material. Motion for summary judgment on the claim for failure to cooperate.

2

        Defendant: <u>Motion for summary judgment pursuant to Fed. R. Civ. Proc. 56 on the grounds, *inter alia*, that the Plaintiff misrepresented her net worth on her applications for life insurance.</u>

14. Dates for filing contemplated dispositive motions: Plaintiff: __June 15, 2012__
                                                                               Defendant: __June 15, 2012__

15. Does any party object to having this case included in the **Court's Electronic Case Filing Program**? _X_ No objection ____ Objection by __ plaintiff __ defendant

16. Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. §636(c)? (Answer no if any party declines to consent without indicating which party has declined.) Yes ___ No _X_

17. This case should be ordered to arbitration at the close of discovery ____No____ (yes/no)
This case should be ordered to mediation (now or at a later date) _mid-February 2012_ (yes/no)

(Prior to the Initial Conference, counsel shall discuss with their clients and their adversaries whether arbitration or mediation is appropriate in this case and be prepared to explain their reasons to the court)