**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7711
EMAIL: jogara@kelleydrye.com

November 23, 2011

**VIA ECF**

Honorable Lois Bloom
United States Magistrate Judge
United States District Court for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust v. John Hancock Life Insurance Company*, Docket No. 11-cv-01873 (WFK)(LB)

Dear Magistrate Judge Bloom:

      This firm represents defendant John Hancock Life Insurance Company ("John Hancock"), in the above-referenced action (the "Action").

      Pursuant to Your Honor's Individual Rules and Practices 3 and Local Rule 16.2, the parties' jointly request a 60-day extension of the discovery deadlines (the "Request") set forth in this Court's Scheduling Order, dated August 30, 2011 (the "Scheduling Order"). Pursuant to the Scheduling Order, fact discovery is scheduled to conclude on December 30, 2011. Despite the parties' best efforts, documents necessary to the prosecution and defense of this Action need to be obtained from non-party sources which are beyond either party's direct control. Although depositions have been scheduled during December, until all of these documents have been produced it is unlikely these deposition can be completed prior to the deadline. We also anticipate additional third parties will need to be deposed. The parties believe that a 60-day extension of the discovery deadlines will give the parties sufficient time to complete all discovery. This is the parties' first request to extend the discovery deadlines.

**Background**

      On March 23, 2011, Plaintiff served John Hancock with a complaint filed in New York State Supreme Court, Kings County, dated December 10, 2010 (the "Complaint"). Plaintiff alleges that the Sara Hollander Irrevocable Life Insurance Trust (the "Trust") is owed

NY01/FLANS/1515717.4

**KELLEY DRYE & WARREN LLP**

The Honorable Lois Bloom
November 23, 2011
Page Two

$10 million as beneficiary of two life insurance policies (the "Policies") insuring the life of Ms. Sara Hollander ("Ms. Hollander" or the "Insured"). The Action was removed to this Court, and Judge Dora L. Irizarry granted John Hancock an extension of time to answer so that it could complete its medical investigation of Plaintiff's death benefit claim. During this investigation, John Hancock was furnished authorizations for Ms. Hollander's medical records by the Plaintiff that allowed it to complete informal discovery concerning Mr. Hollander's medical condition. This allowed John Hancock to significantly narrow the case by eliminating defenses based on Mr. Hollander's medical condition.

On July 11, 2011, John Hancock filed its Answer, Affirmative Defenses and Counterclaims to the Complaint. John Hancock alleges that certain financial misrepresentations were made by the Insured and Plaintiff in the policy applications. Specifically, in order to qualify for $10 million in insurance coverage, the Insured and Plaintiff represented that the Insured had a net worth of $9.2 million (consisting of a home valued at $1.5 million; investments in the amount of $5.5 million; personal property valued at $200,000; stocks and bonds valued at $1.0 million; IRA and/or 401k valued at $600,000; and $400,000 in cash). John Hancock, based on evidence obtained to-date, disputes that the Insured's net worth was anywhere near $9.2 million, and had it known the limited nature of Ms. Hollander's true net worth, it would have declined to issue the Policies.

**<u>An Extension of Time is Needed to Complete Discovery</u>**

Since entering the Scheduling Order, the parties have actively pursued discovery. The parties have exchanged document requests; negotiated and resolved discovery disputes; exchanged documents; served third party subpoenas; and John Hancock has responded to interrogatory requests. John Hancock has scheduled Plaintiff's deposition for December 6, 2011 and has subpoenaed documents and a non-party deposition from Ms. Hollander's accountant, Mr. Chaim Berkowitz ("Mr. Berkowitz"). While Mr. Berkowitz's deposition is scheduled for December 20, 2011, his documents are required to be produced by December 12th. Defendant, however, has been unable to reach Mr. Berkowitz to confirm either his appearance or the production of responsive documents as scheduled.

More time is necessary to allow the parties to obtain additional discovery necessary to the parties prosecution and defense of this Action. For example, John Hancock has requested that Ms. Wrubel provide a signed Request for Copy of Tax Return (the "Tax Release Form") in order to allow John Hancock to obtain Ms. Hollander's tax records from the Internal Revenue Service (the "IRS"). Plaintiff has informed John Hancock that because there is no estate, executor or administrator appointed, the IRS needs documentation to establish that Ms. Wrubel has a fiduciary relationship with Ms. Hollander, before the IRS will accept a signed Tax Release Form from Plaintiff. Currently, Plaintiff is in the process of gathering the required documentation and will provide the IRS with the needed information once it is assembled. According to the IRS,

**KELLEY DRYE & WARREN LLP**

The Honorable Lois Bloom
November 23, 2011
Page Three

this process could take 4 to 6 weeks to obtain the requested tax returns.  Plaintiff has not produced copies of the any tax returns for either Sara Hollander or her estate.

Furthermore, John Hancock's continuing investigation of public records has determined that Ms. Hollander's claim that she owned her primary residence for 50 years (135 Keap St. Brooklyn, NY 11211) valued at $1.5 million may not be true.  John Hancock has obtained public records concerning the mortgage and deed of Ms. Hollander's primary residence.  According to these records, Ms. Hollander never owned the property in question.  Indeed, a recent record search found that Ms. Hollander did not own any real estate.  John Hancock is continuing to investigate these public records.

Although depositions of Ms. Wrubel and Mr. Berkowitz have been scheduled for dates in December, the parties respectfully submit that these depositions cannot be completed until the tax returns Ms. Hollander filed with the IRS and Ms. Hollander's property records are produced in their entirety.  In addition, Plaintiff will be scheduling depositions of John Hancock's witnesses in December.  Although the parties are cooperating, some of John Hancock's witnesses are coming from out of state and scheduling these depositions, especially around the holidays, is difficult.  John Hancock believes that it may be necessary to investigate and depose two additional non-party witnesses depending upon the information developed during these depositions.

The parties' request for a 60-day extension to the discovery deadlines will not result in prejudice to either party, as reflected by the joint nature of the parties' request.  Nor would granting the request cause inefficiency, as no trial date has been set, no dispositive motions have been filed, and the parties have not taken expert discovery.  To the contrary, granting the parties' request would further the goal of efficiency, because it would likely obviate the need for a motion to re-open discovery when more documentary evidence becomes available.

The parties submit that good cause exists to extend the discovery deadlines.  *See, Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *Gotlin v. Lederman*, 2007 WL 1429431, at *2 (E.D.N.Y. May 7, 2007); Fed. R. Civ. P. 16(b)(4).

Accordingly, the parties respectfully requests that the end of discovery date be extended from December 30, 2011 to February 28, 2012; expert discovery be extended from February 15 to April 16, 2012; and the time that a party may request a pre-motion conference before moving for summary judgment be extended from February 29, 2012 to April 30, 2012.

**KELLEY DRYE & WARREN LLP**

The Honorable Lois Bloom
November 23, 2011
Page Four

Thank you for your consideration of this request.

                                          Respectfully submitted,

                                          James V. O'Gara

cc:    Ira S. Lipsius, Esq.
        David BenHaim, Esq.