UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIRLEY WRUBEL, AS TRUSTEE OF THE SARA HOLLANDER IRREVOCABLE LIFE INSURANCE TRUST<br><br>Plaintiff,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY<br><br>Defendant. | CIVIL ACTION NO: 11-cv-01873 (WFK) (LB)<br><br>**[PROPOSED] PROTECTIVE ORDER** |

## [PROPOSED] PROTECTIVE ORDER

Upon stipulation of the parties, pursuant to Fed. R. Civ. P. 26(c), to protect the confidentiality of non-public and competitively sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case and the Court having found that good cause exists for the issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, IT IS HEREBY ORDERED:

1.      This Protective Order shall govern all documents and other discovery materials produced in response to any method of discovery conducted by plaintiff or defendant in this case under the Federal Rules of Civil Procedure.

2.      Whenever in the exercise of careful judgment any party to this action or third party that is subject to a discovery request determines that a document or other information produced in response to a request for discovery should be treated as confidential, that party shall have the right to designate the document or information as "confidential" by marking each confidential page of a document with the words "confidential" as appropriate, prior to the

transmission of a physical copy thereof to the other party. As to those documents which counsel produces for examination by opposing counsel for the purpose of determining which of those documents opposing counsel desires copies, said documents shall be subject to this Order, whether or not marked, until copies thereof are requested and supplied, and thereafter only if the copies supplied are marked as provided in this paragraph or otherwise designated as confidential. Any document so marked, copies thereof, information contained therein, and any extracts, abstracts, charts, summaries or notes made therefrom shall be "confidential" material and subject to the restrictions set forth herein.

3. Confidential material shall be disclosed only to the following persons:

(a) Counsel representing any of the parties in these actions;

(b) Deposition notaries and their staff;

(c) Stenographic, paralegal, clerical and other employees of the people referred to in subparagraphs (a) - (b) above;

(d) Independent experts and advisors who are employed by the parties to perform investigative work, fact research or other services relating to these actions;

(e) Deponents during the course of their deposition and trial witnesses during their testimony;

(f) The parties to this litigation; and

(g) This Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during the litigation of the above-captioned action.

4. Confidential material may be disclosed to persons listed in paragraph 3(d) and (e) above upon compliance with the following requirements:

(a) Each person shall first be advised by the attorney making the disclosure that pursuant to this Protective Order the person may not divulge any such material to any other person, except in the preparation or trial of these

actions, and that disclosure in the preparation of the case is limited to persons entitled to knowledge of confidential documents under this Order.

(b) The attorney shall secure from each person an affidavit stating that he has read this Protective Order, agrees to be bound by this Protective Order and understands that pursuant to this Protective Order he shall not divulge any such material except in the preparation or trial of these actions, and that he will not use the material for any other purpose. A form of such affidavit is attached hereto as Exhibit A. A copy of this affidavit, together with a list of such material disclosed to the person and the date of disclosure, shall be retained by counsel disclosing such material and securing said affidavit until the conclusion of this litigation, including all appeals. Following the conclusion of this litigation, all such material produced thereunder and all copies thereof shall be disposed of consistent with the terms set forth in ¶ 11 herein.

(c) Such material may be disclosed to deponents during the course of depositions if (1) the attorney making the disclosure first advises the deponent that, pursuant to this Protective Order, the person may not divulge such material to any other person, and (2) the material is not left in the possession of the deponent, unless the deponent qualifies for access to such material pursuant to this Protective Order.

5. Any party or third party may designate portions of deposition testimony as confidential. If the designation is made at the deposition, the reporter of any deposition containing confidential material shall separately transcribe testimony so designated and shall stamp or mark that fact on the transcript accordingly. It shall not be necessary to designate specific testimony as confidential during the course of the deposition. In addition to designating material as confidential during the deposition, a party or third party may, within ten days after the completion of the deposition, notify the other parties that the deposition testimony contains confidential materials, in which case the entire deposition transcript shall be deemed confidential from the time of such notification until 30 days have elapsed following receipt by the deponent of the entire deposition transcript. During this period, the party shall designate specific portions of the transcript and any exhibits as confidential and shall give written notice to all opposing counsel of the specific portions of transcripts and specific exhibits which have been designated

as confidential. Only such designated portions and exhibits shall be confidential at the expiration of the 30-day period. Prior to the expiration of this 30-day period, the entire transcript and any information derived therefrom may be disclosed only pursuant to the terms of this Protective Order.

6. If any party objects to the claim that a response to a request for discovery should be deemed confidential, the objecting party shall inform the opposing party in writing that the document should not be so deemed. The parties shall make good faith attempts to resolve their differences. Should the parties not be able to resolve the matter, the designating party must file a motion seeking the confidential designation of a document within two weeks of the impasse. The burden shall be on the designating party to establish good cause for the designation under Fed. R. Civ. P. 26(c). The subject discovery shall continue to have such designation during the pendency of any such motion.

7. No copies of confidential material shall be made except by or on behalf of attorneys of record in this case for the purpose of the attorneys' use in this litigation only. Any attorneys making copies of such material shall maintain all copies within their control and take necessary precautions to prevent persons not authorized as provided above from obtaining access to such information.

8. The production of any document or other discovery material by plaintiff, defendant, or third parties under this Order shall be without prejudice to any claim that the material is confidential, privileged, or protected from discovery as work product. Any document or other discovery material turned over to the opposing party with respect to which a claim of confidentiality, privilege, or work product is subsequently made shall be designated as such at the time the claim is made. If the receiving party disputes the claim of confidentiality, the

dispute shall be resolved as provided in ¶ 6. The court's determination will be made without regard to the fact that the document has been turned over to the other party pursuant to this Protective Order. If the Court upholds a claim of confidentiality, the document or discovery material shall not be disseminated in violation of this Order.

9. In the event that any confidential material is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Clerk of this Court, such material shall be filed and kept under seal by the Clerk until further order of this court; provided however, that the papers shall be furnished to the court and attorneys for the parties, and a duplicate copy with the confidential material deleted may be placed in the public record.

10. All documents and other discovery materials produced in connection with this litigation shall be used and disseminated only for purposes of prosecuting and defending these actions, including appeals, and not for any other litigation or any business purpose whatsoever.

11. The termination of proceedings in this action shall not relieve the persons described in paragraph 3 above from the obligation of maintaining the confidentiality of all confidential information received pursuant to this Order, unless the court orders or permits otherwise. Upon the termination of this action, the parties or any third parties may request the return to them of all previously furnished confidential discovery material, including any copies thereof, and each person or party to whom such discovery material has been furnished or produced shall be obligated to return the same discovery material. This request shall be made within 90 days of the termination of the litigation and these documents and discovery materials shall be returned within 60 days of the request, except that in lieu of returning copies to the party

by whom they were produced, the receiving party may destroy them if it certifies, in writing, that it has destroyed all copies and documents containing such discovery material. If no request is made for the return of documents, the receiving party may destroy them in a manner consistent with this paragraph. This provision shall apply to any documents created by any party, its counsel, or agents which contain confidential information from discovery material.

12. Whenever information designated as confidential is to be disclosed at any deposition or other hearing or proceeding, including trial, any party or third party claiming confidentiality may exclude from the deposition, or move to exclude from the court room, any person other than persons identified in Paragraph 3 of this Order, depending upon whether the document is designated confidential, for the confidential portion of that proceeding. Any disputes as to the propriety of such an exclusion will be resolved as provided in ¶ 6, if necessary.

13. All objections as to the admissibility into evidence of the documents produced subject to this Protective Order are reserved until trial of this case. Without losing the confidentiality of the discovery material, any discovery material stamped as confidential under this Order shall be redacted so as to eliminate the stamp before the document is shown to the jury.

14. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order including relief from or additional protection with respect to the confidentiality of documents or other discovery material.

15.  This Agreement may be executed in counterparts.

Dated: December 20, 2011

LIPSIUS-BENHAIM LAW, LLP

_____
Ira Lipsius, Esq.
David BenHaim, Esq.
Lipsius-BenHaim Law, LLP
80-02 Kew Gardens Road
Kew Gardens, New York
Tel: (212) 981-8440

Attorneys for Plaintiff
Shirley Wrubel, as Trustee of the Sara Hollander
Irrevocable Life Insurance Trust

KELLEY DRYE & WARREN LLP

_____
Neil Merkl, Esq.
James V. O'Gara, Esq.
Sean R. Flanagan, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York
Tel: (212) 808-7800

Attorneys for Defendant
John Hancock Life Insurance Company

SO ORDERED

_____
HON. LOIS BLOOM, U.S.M.J.

## NON-DISCLOSURE AFFIDAVIT

STATE OF _____  )
                           :ss.:
COUNTY OF _____ )

_____, after being duly sworn upon oath states as follows:

1. I have been requested by _____, in the case entitled *Shirley Wrubel, as Trustee of the Sara Hollander Life Insurance Trust v. John Hancock Life Insurance Company*, Civil Action #11-cv-01873(WFK)(LB), which is currently pending in the United States District Court for the Eastern District of New York, to review certain documents in the preparation or trial of that suit.

2. I have read the Protective Order in the foregoing referenced case.

3. I have been informed by _____ that the material I have reviewed, which is marked "confidential," is confidential material as defined in the Agreed Protective Order.

4. I agree to be bound by this Order and will not divulge, or undertake to divulge, any confidential material shown to me except as authorized in the Agreed Protective Order. I will not use the confidential material for any purpose other than these case.

_____

SUBSCRIBED and SWORN TO
before me this _____ day of
_____, 201__

_____
NOTARY PUBLIC