**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, DC

TYSONS CORNER, VA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES

MUMBAI, INDIA

**101 PARK AVENUE**

**NEW YORK, NEW YORK  10178**

(212) 808-7800

FACSIMILE

(212) 808-7897

www.kelleydrye.com

NEIL MERKL

DIRECT LINE: (212) 808-7811

EMAIL: nmerkl@kelleydrye.com

January 12, 2012

**VIA ECF**

The Honorable Judge William F. Kuntz, II
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust v. John Hancock Life Insurance Company*, Docket No. 11-cv-01873 (WFK)(LB)

Dear Judge Kuntz:

      This firm represents defendant John Hancock Life Insurance Company (U.S.A.) in the above-referenced action.  We write pursuant to Section III.B of Your Honor's Individual Motion Practices to request permission to amend Defendant's Answer (ECF No. 6) under Rule 15 of the Federal Rules of Civil Procedure to correct an averment in the Answer we discovered was incorrect earlier this week.  The deadline to amend pleadings in Magistrate Judge Bloom's scheduling order was October 17, 2011.  The Answer alleges that John Hancock Life Insurance Company (U.S.A.) "is authorized to sell life insurance through the New York State Insurance Department".  (ECF No. 6 at ¶ 3.)  This is incorrect.  The amendment also clarifies that the trustee, but not the trust, is a resident of New York.  A copy of the proposed amendment and blackline are attached hereto as Exhibits A and B, respectively.

      This is an action to collect $10 million in proceeds on two life insurance policies; John Hancock alleges in defense, *inter alia*, the policies were procured by fraud.  The complaint names "John Hancock Life Insurance Company" as the defendant.  John Hancock Life Insurance Company was a Massachusetts insurance company licensed to do business in New York.  The policies at issue, however, are the obligation of John Hancock Life Insurance Company (U.S.A.) ("John Hancock (U.S.A.)") – not the entity named by Plaintiff in the caption.  The Plaintiff should have named John Hancock (U.S.A.).  John Hancock (U.S.A.) was properly licensed to sell life insurance in states other than New York, including New Jersey.  When the Policies were

**KELLEY DRYE & WARREN LLP**

The Honorable Judge William F. Kuntz, II
January 12, 2012
Page Two


issued, John Hancock (U.S.A.) was told by the trustee and the broker that the policies would be purchased by a New Jersey trust.

In 2009, the John Hancock companies underwent a variety of corporate changes, including the merger of John Hancock Life Insurance Company into John Hancock (U.S.A.). When it answered, John Hancock appeared as John Hancock Company (U.S.A.) the entity that should have been named instead of John Hancock Life Insurance Company. At the time it served the Answer in this action, defense counsel mistakenly assumed that the new merged entity, John Hancock (U.S.A.), was licensed to do business in New York as its predecessor had been, and so alleged in paragraph 3 of its Answer. This is not the case. We offer this background explanation for how our error occurred, and not as an excuse.

Counsel raised this with Plaintiff's counsel yesterday at Plaintiff's deposition and sent Plaintiff's counsel a copy of the blacklined version of the proposed amended answer requesting their consent to the amendment. They agreed to get back to us, but we have not yet heard from them. We did not wait to hear from them because we felt we should not delay notifying the Court in light of our responsibility to correct the error on the record.

We respectfully submit that neither this error nor the amendment correcting it prejudice the Plaintiff or affect the jurisdiction of the Court. It may raise a procedural issue. New York Insurance Law § 1213 requires an unauthorized foreign insurer to deposit cash or securities or post a bond with the clerk of court. *See* N.Y. Ins. Law. § 1213(c)(1)(A) (2005). We respectfully submit the requirements should not apply because the statute applies to residents that "hold policies of insurance issued or delivered in this state." *See* N.Y. Ins. Law. § 1213(a). The statute is intended to protect New York residents and non-resident corporations authorized to do business in New York. *See Dukes Bridge LLC v. Security Life of Denver Ins. Co.*, No. 10 CV 5491 (ILG)(RML), 2011 WL 2971392, at *2 (E.D.N.Y. July 20, 2011). While the Complaint alleges that the plaintiff Trust "is a trust created under the laws of the State of New York" and the Trustee is a New York resident, the signed Trust Certification and Verification for New York State Resident documents submitted to John Hancock during the underwriting process for each of the two policies demonstrate that the plaintiff Trust is a New Jersey trust (though governed by New York law). We raised this issue with Plaintiffs' counsel who has agreed to consider whether they will insist on security, but they have not advised us of their position.

**KELLEY DRYE & WARREN LLP**

The Honorable Judge William F. Kuntz, II
January 12, 2012
Page Three

        Thank you for your consideration of this request.

                Respectfully submitted,

                */s/ Neil Merkl*

                Neil Merkl

cc:    Magistrate Judge Lois Bloom (via ECF)
        Ira S. Lipsius, Esq. (via ECF)
        David BenHaim, Esq. (via e-mail)