# LIPSIUS –BENHAIM
# LAW, LLP

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 888-442-0284
www.lipsiuslaw.com

DAVID BENHAIM
Direct Line: 212-981-8446
Email:  dbenhaim@lipsiuslaw.com

February 22, 2012

**VIA ECF**

Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Shirley Wrubel v. John Hancock**
            **Docket No. 11-cv-0183(WFK)(LB)**
            **Our File No.:  4**

Dear Judge Bloom:

      We represent the plaintiff Shirley Wrubel in the above referenced matter. We write in response to the letter by counsel for John Hancock Life Insurance Company (U.S.A.) ("John Hancock") dated January 12, 2012 seeking leave to amend the answer and the letter dated February 17, 2012 seeking permission to take more than 10 depositions, serve subpoena by FedEx and compel production from non-parties.

      With respect to the January 12, 2012 request to amend the answer plaintiff does not object to that portion of the request that seeks to amend incorrect allegations. The January 12, 2012 letter, however, is confusing. In one instance, John Hancock claims that "(U.S.A.) was properly licensed to sell life insurance in states other than New York." In another, the letter states that "defense counsel mistakenly assumed that the new merged entity, John Hancock (U.S.A.), was licensed to do business in New York as its predecessor had been," which implies that the pre-merged U.S.A. entity was licensed to sell insurance in New York.

Honorable Magistrate Lois Bloom
February 22, 202
Page 2

      The policies at issue here were issued in 2008 and the John Hancock merger occurred in 2009. If, in fact, defendant was licensed to issue policies in New York at the time the policies were issued, the amended pleading should so state.

      With respect to the February 17, 2012 letter, we dispute the representation that this matter is a "fraud case." We also object to the claim that had John Hancock been aware that the premiums were financed, it would not have issued the policies.

      Plaintiff does not object to the request to serve subpoena by Federal Express and the request to compel production. John Hancock, however, has not made any showing that more than 10 depositions are necessary and the request is pre-mature at this time.

      Firstly, there is no evidence of "third-party investors" with an interest in the policy. The evidence reveals that the premiums were paid by the insured, part of it from property owned jointly by the insured and Herman Jacobowitz. We understand that Mr. Jacobowitz will be able to give testimony which will clarify the source of the funds used to pay premiums[1]. Therefore, any request for leave to take additional depositions should be made after Mr. Jacobowitz's testimony is taken.

      Moreover, John Hancock's request to depose plaintiff's sister is based on a faulty premise: that the sisters posses unique information. Plaintiff testified that she was in contact with her mother on a daily basis and was more familiar with her mother's affairs than any one of her sisters. There is simply no basis to believe that the depositions will yield any new information. Thus, the request to take additional depositions is pre-mature.

      We appreciate the Court's attention to this request.

Very truly yours,

LIPSIUS-BENHAIM LAW, LLP

David BenHaim

DBH:bl

cc.:    Neil Merkl (via ECF)

---

[1] A conflict may exist here. Josh Berman, a partner at Kelley Drye & Warren, LLP represented Mr. Jacobowitz in this matter against John Hancock prior to joining Kelley Drye. Kelley Drye has denied that a conflict exists.