**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

NEIL MERKL
DIRECT LINE: (212) 808-7811
EMAIL: nmerkl@kelleydrye.com

March 2, 2012

**VIA ECF**

Magistrate Judge Lois Bloom
United States District Court for the
   Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust v. John Hancock Life Insurance Company*,
Docket No. 11-cv-01873 (WFK)(LB)

Dear Magistrate Judge Bloom:

This firm represents the Defendant John Hancock Life Insurance Company (U.S.A.) ("John Hancock"). We are writing Pursuant to Local Rule 37.3(c) to request an order to compel the production of documents from and deposition appearance by non-parties Mordechai Rubin, Herman Jacobowitz and B&M Resort LLC pursuant to FRCP 37(a) and for the costs John Hancock incurred related to Mr. Rubin's and B&M Resort LLC's failure to appear for their respective depositions under FRCP 45(e).

**Background**

This action was brought by Plaintiff, Shirley Wrubel, as Trustee (the "Plaintiff") of her mother Sara Hollander's Irrevocable Life Insurance Trust (the "Trust"), to recover $10 million in proceeds from two life insurance policies issued by John Hancock on Ms. Hollander's life (the "Policies"). John Hancock issued the policies in reliance on, among other things, representations that the Insured's net worth was $9 million and that she had investment income of $200,000. The insured also represented that she would pay the policy premiums with money from her income and savings, and that the insurance was purchased as part of her estate plan to pay her estate taxes. John Hancock's principal defense is that Plaintiffs' misrepresentations void the Policies.

Plaintiff is the sole trustee and ostensible owner of both Policies. She was deposed on January 11. She testified her mother left no estate; Plaintiff knows of no will. Her mother was never employed, did not own real property at the time of her death, did not own any stocks, bonds or a 401k plan, and did not have an annual investment income of $200,000 or $9 million. At the time of her death the Insured had less than $25,000 in bank accounts and mutual funds. She lived in a rental apartment in Brooklyn, likely on social security. No documents substantiating her wealth or income have been produced by the Plaintiff – and no documents

**KELLEY DRYE & WARREN** LLP

The Magistrate Judge Lois Bloom
March 2, 2012
Page Two

concerning the Trust account opened by the Plaintiff used to pay premiums have been produced by Plaintiff.

(i) **Order Directing Mordechai Rubin to Produce Documents and Appear**

The Plaintiff disclaimed knowledge of the source of the funds used to pay the premiums at her deposition – an amount in excess of $500,000. She testified her son-in-law Mordechai Rubin would be knowledgeable about the Trust's bank account and how the premiums were paid. She relied on him to handle insurance matters. John Hancock, therefore, subpoenaed Mr. Rubin on January 13, 2012 both for his testimony and to produce documents concerning the facts surrounding the Policies purchased, existence of an estate, the trust account and Ms. Hollander's net worth. On January 27, 2012, the deposition was adjourned to February 28, 2012, because of the stay requested by Plaintiff's counsel. Mr. Rubin was personally served with a second subpoena requiring his appearance on Feb. 28, 2012. He did not appear notwithstanding that on February 22, 2012, we also wrote and reminded him of the date. He has not responded to subsequent attempts to contact him. We are advised Plaintiff's counsel also attempted to contact him by telephone, but are unaware of the substance of the conversation. We therefore request an order compelling Mr. Rubin to appear and produce the documents requested by the subpoena and awarding costs of $400 for the expenses incurred by John Hancock for the services of a videographer and court reporter. A copy of the subpoena and proof of service is attached hereto as Exhibit A.

(ii) **Order Directing B&M Resort LLC to Produce Documents and Appear**

On November 29, 2012, John Hancock subpoenaed the Trust's bank account records from JPMorgan Chase Bank, N.A. ("JPMC"). JPMC produced copies of cancelled checks deposited into the Trust account from various individuals and corporations, among them Mr. and Mrs. Brach, B&M Resort LLC, Azras Yisorel, Inc. ("Azras Yisorel") and Protector Security Associates, Inc. ("PSA"). None of these people have any apparent connection to the Plaintiff or the Insured, but these funds were the sole source of the premium payments. These cancelled checks, moreover, suggest that the Trust fronted for a syndicate of investors and these policies were investor or "stranger owned life insurance policies" ("STOLI" policies). Had John Hancock known this, this would have been an additional reason it would not have issued the Policies. Such policies are void as a matter of law in most states.

Accordingly, John Hancock has attempted to identify these third party investors to take their depositions. On January 24, 2012, John Hancock issued a subpoena to non-party B&M Resort LLC, seeking the production of documents and a deposition on February 14, 2012. A copy of the subpoena and proof of service is attached hereto as Exhibit B. On February 10, 2012, my colleague, Sean Flanagan, received a call from B&M Resort LLC concerning the subpoena that was issued. During this call, Mr. Flanagan informed B&M Resort LLC that there was a stay in this action, pursuant to Plaintiff's counsel's request. Therefore, the February 14, 2012, deposition would need to be adjourned. The parties agreed that B&M Resort LLC's deposition would be scheduled for today, March 2, 2012, at 10 am. During this conversation, B&M Resort LLC admitted that the check attached to the subpoena was a valid check and that it was signed by the owner of the company. He did not recall why the check was issued but believed that it might have been part of a "syndicate." He agreed to look for documents and

**KELLEY DRYE & WARREN LLP**

The Magistrate Judge Lois Bloom
March 2, 2012
Page Three

produce anything that he had related to the Policies. B&M Resort LLC, has failed to produce any documents. Mr. Flanagan confirmed the parties' February 10, 2012, conversation and re-scheduling of a deposition in a letter to B&M Resort, dated February 10, 2012. A copy of the February 10, 2012 letter to B&M Resort LLC is attached hereto as Exhibit C. Since Mr. Flanagan's discussion with B&M Resort LLC on February 10, 2012, B&M Resort LLC has been unresponsive to any attempt to contact them.

Today, March 2, 2012, B&M Resort LLC failed to appear for the scheduled deposition. We therefore request an order directing B&M Resort LLC to appear and produce documents requested by the subpoena and awarding costs of $200 for the expenses incurred by John Hancock for the services of a court reporter.

(iii) **Deposition and Document Production of Herman Jacobowitz**

Plaintiff, in her initial disclosures and her deposition, identified Herman Jacobowitz as someone with knowledge of the Insured's business interests and how the policy premiums were paid for. Accordingly, John Hancock subpoenaed Mr. Jacobowitz on January 6, 2012. The original date was adjourned from January 23, 2012, to March 1, 2012, as a consequence of the stay as requested by Plaintiff. No objections were served in response to the subpoena duces tecum, but no documents have been produced. Plaintiff's counsel, who also represents Mr. Jacobowitz, advised that he would not appear at the March 1 deposition, but has not yet provided an alternate date or produced any documents. We have attempted to contact counsel every day this week concerning the scheduling of Mr. Jocobowitz's production of documents and deposition. Counsel, however, has not responded to our requests. While we have no objection to a reasonable adjournment of the deposition date, we ask that Mr. Jacobowitz produce all documents requested by the subpoena within the next 10 days, and that March dates for his deposition be furnished.

(iv) **Update on Other Non-Party Depositions**

John Hancock had subpoenaed the depositions of non-parties, Joel Goldberger ("Mr. Goldberger"), Empire Insurance Business ("EIB"), Azras Yisorel, and PSA for Monday, February 27, Wednesday February 29 and Friday March 2, 2012, respectively. We have been in contact with Mr. Goldberger's and EIB's counsel and have adjourned their depositions, at his request, to March 9, 2012. We have also been in contact with Azras Yisorel, who is not represented by counsel, and counsel for PSA and have agreed, due to their requests, to adjourn their depositions. Azras Yisorel is now scheduled for March 26, 2012, and counsel for PSA will has agreed to provide us alternative dates for his client's deposition and the production of documents on Monday, March 5, 2012.

Respectfully submitted,

/s/ Neil Merkl

Neil Merkl

cc: Ira S. Lipsius, Esq. (via ECF)
David BenHaim, Esq. (via ECF)

**KELLEY DRYE & WARREN** LLP

The Magistrate Judge Lois Bloom
March 2, 2012
Page Four

      Mr. Mordechai Rubin (via Federal Express w/ encl.)
      B&M Resort LLC (via Federal Express w/ encl.)