# EXHIBIT A

**Issued by the**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SHIRLEY WRUBEL, AS TRUSTEE OF THE SARA HOLLANDER IRREVOCABLE LIFE INSURANCE TRUST,**

**Plaintiff,**

**V.**

**JOHN HANCOCK LIFE INSURANCE COMPANY,**

**Defendant,**

**AMENDED SUBPOENA IN A CIVIL CASE**

Civil Action No. 11-cv-01873 (WFK) (LB)

Action pending in the United States District Court, Eastern District of New York

TO: Mr. Mordechai Rubin
12 Joshua Court
Monsey, NY 10952

☐ YOU ARE COMMANDED to appear in the United States Court at the place, date, and time specified below to testify in the above case.

| Place of testimony: | Date and time |
|---|---|
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition shall be recorded by stenographic and sound-and-visual means and conducted before a person authorized to administer oaths in accordance with Rule 28(a) of the Federal Rules of Civil Procedure, and will continue day to day until completed.

| Place of deposition: | Date and time |
|---|---|
| **Kelley Drye & Warren LLP**<br>**101 Park Avenue**<br>**New York, New York 10178** | **February 28, 2012**<br>**10:00 a.m.** |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Schedule A annexed hereto.**

| Place | Date and time |
|---|---|
| **Kelley Drye & Warren LLP**<br>**101 Park Avenue**<br>**New York, New York 10178** | **February 23, 2012**<br>**5:00 p.m.** |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and time |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing officer signature and title (indicate if attorney for plaintiff or defendant) | Date: **February 13, 2012** |
|---|---|
| **Attorneys for Defendant** | |

Issuing officer's name, address and phone number: **Sean R. Flanagan**
**Kelley Drye & Warren LLP**
**101 Park Avenue**
**New York, New York 10178**
**(212) 808-7800**

(See Rule 45, Federal Rules of Civil Procedure, Parts C, D & E on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) — MANNER OF SERVICE

SERVED BY (PRINT NAME) — TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________ DATE

____________________ SIGNATURE OF SERVER

____________________ ADDRESS OF SERVER

**RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, SUBDIVISIONS (c), (d) AND (e), as amended on December 1, 2006:**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limits of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.** Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend and produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Schedule A**

**GENERAL INSTRUCTIONS**

For the purposes of these Requests, the following instructions shall apply:

1. The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rules 26.2, 26.3, 26.4, and all other applicable rules are incorporated by reference.

2. In answering these Requests, you are required not only to furnish such information as you know of your own personal knowledge, but also to furnish information that is in the possession of your attorneys, investigators or anyone acting in your behalf or their behalf, except to the extent that such information is privileged.

3. If your answer is qualified in any particular manner, set forth the details of such qualification.

4. In the event you claim that any information called for in these Requests is immune from discovery on the ground of privilege, the information that is set forth in Local Rule 26.2 shall be provided in writing.

5. A complete original or copy of each document or thing must be produced, even though only a portion of such document or thing is responsive to one of the numbered requests contained herein. Documents shall not be edited, cut, redacted (except where a claim of privilege is asserted with respect to a portion of a document) or expunged and shall include all attachments, appendices, tables and exhibits and all covering memoranda, letters or documents. Things, (e.g., computer data tapes) shall not be altered or modified, unless otherwise directed.

6. Unless otherwise stated, these Requests seek the production of documents from the period January 1, 2004 to the present.

7. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this request is a continuing one and requires further and supplemental production by you as and whenever you make or locate additional documents or things between the time of initial production and the time of trial in this action.

**DEFINITIONS**

1. For the purposes of these Requests, the definitions and rules of construction set forth in Rule 26.3 and 26.4 of the Civil Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules") shall apply.

2. "You" means Mordechai Rubin and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf and all documents, files, e-mails, or electronically stored information of any kind in Your custody and control.

3. "073 Policy" means the life insurance policy alleged in paragraph 11 of the Complaint and attached to Defendant's Answer, Affirmative Defenses and Counterclaims as Exhibit B, and any amendments, schedules, exhibits, addenda and modifications thereto.

4. "075 Policy" means the life insurance policy alleged in paragraph 11 of the Complaint and attached to Defendant's Answer, Affirmative Defenses and Counterclaims as Exhibit D, and any amendments, schedules, exhibits, addenda and modifications thereto.

5. "Berkowitz" means Chaim Berkowtiz, CPA, and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

6. "Empire" means Empire Insurance Brokerage, and any and all of its current and former officers, directors, employees, agents, representatives, predecessors,

successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

7. "Erno Wrubel" means Erno Wrubel and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

8. "February Application" means the Application submitted by Sara Hollander and plaintiff, Shirley Wrubel on or about February 12, 2008 and attached as Exhibit A to Defendant's Answer, Affirmative Defenses and Counterclaims, dated July 11, 2011.

9. "Goldberger" means Joel Goldberger and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

10. "H. Jacobowitz" means Herman Jacobowitz, and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

11. "Halperin" means Mindy Halperin and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

12. "Insured" means Sara Hollander and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf, including her Estate.

13. "Jacob Hollander" means Jacob Hollander and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf, including his Estate.

14. "John Hancock" means defendant John Hancock Life Insurance Company (USA), and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

15. "LLC" means the Sara Hollander Family, LLC and any and all of its current and former mangers, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

16. "M. Jacobowitz" means Mindy Jacobowitz, and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

17. "May Application" means the Application attached as Exhibit C to Defendant's Answer, Affirmative Defenses and Counterclaims, dated July 11, 2011.

18. "Trust" means the Sara Hollander Irrevocable Life Insurance Trust, and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

19. "Wrubel" means plaintiff Shirley Wrubel, individually and as Trustee for the Sara Hollander Irrevocable Life Insurance Trust, and in any other capacity, and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

**DOCUMENTS TO BE PRODUCED**

1. All files, documents, e-mails, or electronically stored information of any kind maintained by you in any way relating to or concerning the Trust, the LLC, the 073 Policy, the 075 Policy, Ms. Wrubel or the Insured.

2. All documents, files, e-mails, or electronically stored information of any kind reflecting or concerning any communications, including but not limited to e-mails, letters and memoranda between or among (1) You, (2) the Insured or Jacob Hollander, (3) Wrubel,

and/or Erno Wrubel and their children, (4) Goldberger, (5) the Trust (including anyone acting on the Trust's behalf), (6) the LLC, (7) Halperin, (8) M. Jacobowitz, (9) Sam Feder, (10) Empire, (11) John Hancock, (12) H. Jacobowitz, and (13) any accountant or other third party, concerning the following topics:

a. the 073 Policy;

b. the 075 Policy;

c. the purchase, underwriting or placement of either the 075 or 073 Policies;

d. any version of any application for either Policy;

e. formation, purpose or actions taken on behalf of the Trust or the LLC;

f. effort to sell or assign the Policy, convey or assign any interest in the Trust or any share in the LLC;

g. net worth or income of the Insured;

h. Wrubel's role as Trustee; and

i. claims made for death benefits under either Policy.

3. To the extent not already encompassed by the proceeding requests, all documents, files, e-mails, or electronically stored information of any kind referring or relating to any attempt by any person to purchase life insurance from any source on the life of the Insured.

4. All documents, files, e-mails, or electronically stored information of any kind reflecting on business, financial, and/or investment interest of the Insured and/or her family and/or statements reflecting any ownership interest in bonds, securities, real estate and/or bank accounts.

5. All documents, files, e-mails, or electronically stored information of any kind reflecting any aspect of the net worth or income of the Insured or her family or any

documents which indicate the lack of net worth or annual income in the amounts claimed in the February and May Applications.

6. Any documents, files, e-mails, or electronically stored information of any kind reflecting the Insured's interest in any I.R.A. or 401K account or right to receive any pension benefits.

7. All documents, files, e-mails, or electronically stored information of any kind reflecting any business or other relationship with You and the Trust, the LLC, Wrubel, the Insured, Empire or Goldberger.

8. All documents, files, e-mails, or electronically stored information of any kind referring or relating to any actions taken in connection with making a claim under the 073 or 075 Policy.

9. All documents, files, e-mails, or electronically stored information of any kind reflecting or referring to any payments of premium, or financing premiums under the Policy, loan agreements used for payment of premium or source of funds used to pay premiums under the 073 and 075 Policies.

10. All documents, files, e-mails, or electronically stored information of any kind referring or relating to any attempts to sell the Policy or reflecting any other attempts by a third party to purchase the Policy, the Trust or the shares in the LLC, or claim some portion of the proceeds under the Policy.

11. All documents, files, e-mails, or electronically stored information of any kind reflecting communication with accountants, brokers or financial advisors of the Insured.

12. All documents, files, e-mails, or electronically stored information of any kind reflecting or relevant to the Insured's federal and state income tax filings (or failure to file) from 2005 to the present.

13. Any and all documents, files, e-mails, or electronically stored information of any kind reflecting any interest of the Insured in any real property or real estate investment.

14. Any and all documents, files, e-mails, or electronically stored information of any kind reflecting the existence of any false or incorrect statements in either the February or May Applications.

15. Any and all documents, files, e-mails, or electronically stored information of any kind reflecting the existence, extent of the Insured's estate.

16. All documents, files, e-mails, or electronically stored information of any kind reflecting any aspect of the net worth or annual income of Jacob Hollander or any documents which indicate the lack of net worth or annual income in the amount claimed in the February or May Applications.

# AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT
Southern District of New York

Index Number: 11-CV-01873 (WFK)(LB) Date Filed: ________

Plaintiff:
**SHIRLEY WRUBEL, AS TRUSTEE OF THE SARA HOLLANDER IRREVOCABLE LIFE INSURANCE TRUST**

vs.

Defendant:
**JOHN HANCOCK LIFE INSURANCE COMPANY**

For:
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178

Received by Lex-Serv, LLC (DCA # 1413475) to be served on **Mr. Mordechai Rubin, 12 Joshua Court, Monsey, NY 10952**.

I, Jeffrey Rubell, being duly sworn, depose and say that on the **13th day of February, 2012 at 3:19 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Amended Subpoena in A Civil Case and a witness fee check in the amount of $70** with the date and hour of service endorsed thereon by me, to: **Mr. Mordechai Rubin** at the address of: **12 Joshua Court, Monsey, NY 10952**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or of the State of New York and was informed that recipient was not, nor was anyone a dependent of someone in the military service of the United States Government or of the State of New York. Recipient wore ordinary civilian clothes and no military uniform.

**Description** of Person Served: Age: 43, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 165, Hair: Dark Blonde, Glasses: N

I certify that I am not a party herein, I am a resident of the State of New York and I am over the age of 18.

Subscribed and Sworn to before me on the 14th day of February, 2012 by the affiant who is personally known to me.

[signature]
NOTARY PUBLIC

[signature]
**Jeffrey Rubell**
1335175

**Lex-Serv, LLC (DCA # 1413475)**
**211 East 43rd Street**
**Suite 1804**
**New York, NY 10017**
**(212) 661-1180**
Our Job Serial Number: LXS-2012000273

**SALVATORE INCHERCHERA**
**Notary Public, State of New York**
**No. 01IN6248434**
**Qualified in Richmond County**
**Commission Expires Sept. 19, 2015**

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t