

**LIPSIUS-BENHAIM
LAW, LLP**

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 888.442.0284
www.lipsiuslaw.com

DAVID BENHAIM
Direct Line: 212-981-8446
Email: dbenhaim@lipsiuslaw.com

March 29, 2012

**VIA ECF**

Judge William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Shirley Wrubel v. John Hancock Life Ins. Co.
   Docket No. 11-cv-01873 (WFK) (LB)
   Our File No. 4206.0002

Dear Honorable Judge Kuntz:

We represent the plaintiff in the above referenced matter. We also now represent Herman Jacobowitz. His corporation, Classon, Inc. funded the premiums for one of the two policies of insurance issued by John Hancock Lie Insurance Company (U.S.A.) ("John Hancock"), which are the subject of this litigation. We write in order to respectfully request a conference to seek leave to file a motion to disqualify the law firm of Kelley, Drye & Warren, LLP ("Kelley Drye") from representing John Hancock in this matter[1] and to seek an order that the deposition of Herman Jacobowitz be stayed until such time as this Court can rule on such a motion.

John Hancock issued two policies of life insurance upon the life of Sara Hollander. Ms. Hollander was involved in a real estate venture with a Herman Jacobowitz, and through his business, Classon NY, Inc., she paid the premiums on the first policy.

---

[1] It is with great apprehension that we make this application. The attorneys at Kelley Drye involved in this action are paramount professionals of fine ethical character with whom we have enjoyed working and have a number of other litigations pending. Our clients' needs, however, trump our desire to continue working with counsel for John Hancock.

LIPSIUS-BENHAIM LAW, LLP

When Ms. Hollander passed away, Herman Jacobowitz turned to his attorney, Josh Berman, in order to retain Mr. Berman on behalf of the Trust. Mr. Jacobowitz and Mr. Berman met twice on this matter, each meeting lasting approximately one hour. Thereafter, Mr. Berman communicated to John Hancock on behalf of the Trust. Mr. Berman and Mr. Jacobowitz exchanged numerous emails and text messages on the issues relevant to this case. Shortly afterwards, Mr. Berman left the law firm he was with at the time and joined Kelley, Drye & Warren, LLP as a partner.

Mr. Jacobowitz felt that in the course of his discussions with Mr. Berman the two developed a close relationship. Certainly, the emails from Mr. Berman, a sample of which are attached to Exhibit B, suggest that Mr. Berman felt the same way.

Kelley Drye first wrote to us notifying us of the potential conflict in a letter dated November 29, 2011, attached as Exhibit A. We attempted to learn from our client, Ms. Wrubel, the nature of the relationship between Berman and the Trust. On December 22, we wrote Kelley Drye asking them to recuse themselves and to do so quickly so that the issue will not hinder the timeliness of discovery. Exhibit B. On December 28, 2011, counsel for Kelley Drye advised that no conflict exists. Exhibit C.

While Ms. Wrubel certainly was aware of the business relationship her mother has with Mr. Jacobowitz, she did not have a full grasp of his role in this lawsuit. Mr. Jacobowitz originally allowed us to accept a subpoena on his behalf but soon thereafter stopped cooperating with us and did not respond to the subpoena. There is now a court order for his response on April 2, 2012 and accordingly, we met to discuss his response to the subpoena. We have now learned

LIPSIUS-BENHAIM LAW, LLP

that Mr. Jacobowitz's apprehension to get involved has been due to a fear of the judicial system caused by the fact that his friend and counsel in this matter is now working against him[2].

As a result, there is a fear that the trial will be tainted. When a party moves for the disqualification of his adversary's attorney, "any doubt is to be resolved in favor of disqualification." See *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975). Further, whether or not Kelley Drye successfully walled Mr. Berman away from the other attorneys working in this matter, the implication of cross-contamination warrants the dismissal of Kelley Drye. Canon 9 of the New York Code states that "[a] lawyer should avoid even the appearance of professional impropriety." See, also, *Blue Cross and Blue Shield of New Jersey, et al. v. Philip Morris, Inc.*, 53 F. Supp.2d 338, 342 (E.D.N.Y. 1999) ("despite the lack of conflict and the strong public policy favoring unrestricted choice of counsel, the motion to disqualify is granted to avoid what many laypersons might consider to be a conflict of interest... This injunction against appearances of impropriety gives expression to the paramount importance of preserving the public trust in the legal system and in the judicial process. See, e.g., General Motors Corp. v. City of New York, 501 F.2d 639, 649 (2d Cir. 1974) ("we must act with scrupulous care to avoid any appearance of impropriety lest it taint both the public and private segments of the legal profession")")

Respectfully yours,

LIPSIUS-BENHAIM LAW, LLP

David BenHaim

---

[2] The full nature of Mr. Jacobowitz's role in this action is subject to privileged communications. We respectfully submit that we provide the Court, in camera, the nature of Mr. Jacobowitz's relationship to the Trust.

# EXHIBIT A

# KELLEY DRYE & WARREN LLP
A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE
NEW YORK, NEW YORK 10178

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7811
EMAIL: nmerki@kelleydrye.com

November 29, 2011

VIA PDF & MAIL

Ira Lipsius, Esq.
Lipsius-BenHaim Law LLP
80-02 Kew Gardens Road
Kew Gardens, New York 11415

Re: *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust v. John Hancock Life Ins. Co.*,
Civil Action No. 11-cv-01873 (WFK) (LB) E.D.N.Y.

Dear Ira:

We are writing to notify you of something that we learned last week for the first time when we were preparing John Hancock's supplemental document production that we are producing today. We discovered a document which indicated that, in late 2010, Josh Berman, who is now a Kelley Drye partner, but at the time was still with the firm of Meltzer, Lippe, Goldstein & Breitstone LLP, communicated with someone who purported to be a representative of the Hollander Trust regarding the possibility of Mr. Berman representing the Trust in its dispute with John Hancock. Mr. Berman ultimately was not retained to represent the Trust.

This will confirm Mr. Berman has not had, and will not have, any involvement in Kelley Drye's representation of John Hancock in this matter. Furthermore, he has not conveyed to us any information relating to the Trust or this dispute. In addition, Kelley Drye has established screening procedures to prevent the flow of any information relating to this matter between Mr. Berman and others in the firm. Neither I nor anyone involved with this case have discussed this matter with Mr. Berman. After I learned of the contact, I asked our firm counsel to speak to Mr. Berman. Mr. Berman confirmed that he did not undertake any work for the Trust or trustee in relation to this matter.

KELLEY DRYE & WARREN LLP

November 29, 2011
Page Two

Please call me if you have any questions.

Very truly yours,

Neil Merkl

cc: Steven P. Caley, Esq.
Josh Berman, Esq.
David BenHeim, Esq.

# EXHIBIT B



LIPSIUS - BENHAIM
LAW, LLP

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 212.695.6602
www.lipsiuslaw.com

IRA S. LIPSIUS
Direct Line: 212-981-8442
Email: lipsius@lipsiuslaw.com

December 22, 2011

**VIA MAIL AND EMAIL**

Neil Merkl, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

      Re:     Shirley Wrubel et al. **v. John Hancock**
                EDNY Docket No. 11-cv-01873
                Our File No. 4421.0002

Dear Mr. Merkl:

      We write in order to amicably resolve a conflict that our client respectfully believes disqualifies Kelley Drye & Warren LLP ("Kelley Drye") from participating in this litigation. On November 29, 2011, Kelley Drye advised that one of its attorneys, Joshua Berman, while a partner at a different firm, considered, but did not get involved in this matter.

      In the process of reviewing documents in response to John Hancock's discovery request, it was discovered that Mr. Berman was actually involved in this claim. He specifically offered legal advise and, in fact, addressed strategies as to the presentation of the claim and in dealing with John Hancock's investigation. Further, Mr. Berman communicated with John Hancock in his role as attorney for the insured/policy owner. The emails indicate that Mr. Berman had access to relevant privileged information in the course of his prior representation of our client.

      As you may know, New York Rule of Professional Conduct 1.9(a) prohibits attorneys from successive representation. That is, an attorney may not represent a client whose interests are adverse to a former client in a substantially related matter, absent consent from the former client after full disclosure. The Rules impute the attorney's conflict to the firm. N.Y. R. Prof'l Conduct 1.10(a).

      Under such circumstances, there is significant risk of trial taint and it is respectfully submitted that Kelly Drye is disqualified from further representation of John Hancock in this matter. See, also, *Pierce & Weiss, LLP v. Subrogation Partners LLC*, 701 F. Supp. 2d 245 (E.D.N.Y. 2010) ("Defendants have not alleged that they, in fact, imparted any confidential information to Mr. Letofsky in connection with his representation of Core-Mark or any other case assigned to Letofsky. However, the rules concerning disqualification apply even when no client confidences have been shared because the rules serve additional purposes.")

LIPSIUS-BENHAIM LAW, LLP

Neil Merkl, Esq.
December 22, 2011
Page 2

As the emails are protected by the attorney-client privilege, we attach, in redacted form, a small sample of emails where Mr. Berman addresses his communications, oral and written, with John Hancock. We respectfully request that Kelly Drye recuse itself from representing John Hancock in this matter immediately so that we can remain on track to bring this matter to trial as scheduled.

Please contact us after you have had a chance to review this letter with your client.

Very truly yours,

LIPSIUS-BENHAIM LAW, LLP

Ira S. Lipsius

ISL:bl
Enclosures

From: Joshua Berman
To: 'joelg416@yahoo.com' <joelg416@yahoo.com>; Chaim hersch Jacobowitz <Wertz4861@yahoo.com>
Sent: Tue Dec 07 18:45:18 2010
Subject: Pompei Call

I just spoke to Pompei on his cell phone.  e. I would like to have a preview of his questions from ▓▓▓ sooner than later.

From: "Joshua Berman" <jberman@meltzerlippe.com>
Date: Tue, 7 Dec 2010 11:26:57 -0500
To: <joelg416@yahoo.com>; <Wertz4861@yahoo.com>
Subject: Re: Herman

Noon please.
Meltzer Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
(516) 747-0300
Fax (516) 747-0653

IRS Circular 230 Notice: "To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein."

From: joelg416@yahoo.com <joelg416@yahoo.com>
To: Joshua Berman; Chaim hersch Jacobowitz <Wertz4861@yahoo.com>
Sent: Tue Dec 07 10:36:06 2010
Subject: Re: Herman

Done,
It went very well

Sent via BlackBerry by AT&T

From: "Joshua Berman" <jberman@meltzerlippe.com>
Date: Mon, 6 Dec 2010 09:13:49 -0500
To: <joelg416@yahoo.com>; <Wertz4861@yahoo.com>
Subject: Re: Herman

I'll speak to Tom today. We'll also get the letter to Hancock. Want to hear what, if anything, he has to say before we let fly.

Meltzer Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
(516) 747-0300
Fax (516) 747-0653

IRS Circular 230 Notice: "To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein."
This electronic message transmission contains information which is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us immediately by calling (516) 747-0300 or by electronic mail (info@meltzerlippe.com). Thank you.

From: "Joshua Berman" <jberman@meltzerlippe.com>
Date: Thu, 2 Dec 2010 14:26:21 -0500
To: <wertz4861@yahoo.com>
Cc: <Joelg416@yahoo.com>
Subject: Re: Herman

I just got a VM from Tom. This is good: we are off to the races.

Meltzer Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
(516) 747-0300
Fax (516) 747-0653

IRS Circular 230 Notice: "To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein."
This electronic message transmission contains information which is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us immediately by calling (516) 747-0300 or by electronic mail (info@meltzerlippe.com). Thank you.

# EXHIBIT C

# KELLEY
## DRYE

## FACSIMILE TRANSMISSION

| | |
|---|---|
| TO: | Ira Lipsius, Esq. |
| FIRM: | Lipsius-Benhaim Law LLP |
| CITY: | Kew Gardens, NY |
| FAX: | 212-695-6602 |
| PHONE: | 212-981-8440 |
| NO. OF PAGES: | 3 (including this page) |
| DATE: | December 28, 2011 |

KELLEY DRYE & WARREN LLP
101 PARK AVENUE
NEW YORK, NY 10178
(212) 808-7800
FAX (212) 808-7897

| | |
|---|---|
| FROM | Steven P. Caley |
| PHONE | (212) 808-7745 |
| EMAIL | scaley@kelleydrye.com |
| CLIENT NO.: | 080001-0925- |

NEW YORK, NY
WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ
BRUSSELS

AFFILIATE OFFICES
MUMBAI

IF PROBLEMS OCCUR DURING TRANSMISSION PLEASE CALL (212) 808-7679.

The information contained in this facsimile message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any use, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction.

**KELLEY DRYE & WARREN LLP**
A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

101 PARK AVENUE

NEW YORK, NEW YORK 10178

(212) 808-7800

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE  (212) 808-7745
EMAIL  sealey@kelleydrye.com

December 28, 2011

VIA FACSIMILE, PDF AND REGULAR MAIL

Ira Lipsius, Esq.
Lipsius-Benhaim Law LLP
80-02 Kew Gardens Road
Kew Gardens, New York 11415

Re:  *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Trust v. John Hancock*, 11-cv-01873

Dear Mr. Lipsius:

I am a member of Kelley Drye & Warren LLP ("Kelley Drye") and its Firm Counsel. I have read your letter to Neil Merkl dated December 22, 2011, and there is nothing in it that alters our conclusion that Kelley Drye may properly continue its representation of John Hancock in this action. Any limited communications Mr. Berman had regarding a claim against John Hancock related to the possibility of Mr. Berman being retained as counsel, but ultimately no one ever retained Mr. Berman.

Mr. Berman never met Ms. Wrubel, and has no recollection of speaking to her. There was no retainer agreement. No fee was ever paid. No work was done. Mr. Berman did not "communicate with John Hancock as attorney" as you suggest. The documents we produced to you show that when John Hancock's investigator contacted Mr. Berman, Mr. Berman told him he did not represent Ms. Wrubel, and had not yet received a written retention letter from the Trust. The notes show no other communications between John Hancock and Mr. Berman. The few, brief emails leading up to that call attached to your letter, all of which occurred within a five day period, reflect only Mr. Berman's anticipation that he might be retained, but ultimately he never was.

As Mr. Merkl previously advised, Mr. Berman has been screened from the case. None of the attorneys on the case have discussed the matter with Mr. Berman. Mr. Berman has never worked on any matter associated with John Hancock. Mr. Berman also has never worked on any engagement of any kind with Mr. Merkl or Mr. Flanagan.

KELLEY DRYE & WARREN LLP

Ira Lipsius, Esq.
December 28, 2011
Page Two

      Your suggestion that Mr. Berman may have learned confidential information is as unsubstantiated as it is immaterial. Your letter, while suggesting Mr. Berman "had access to confidential information" is careful not to say that any confidential information was imparted. The emails you enclose indicate only that individuals, whose identity and relationship with Ms. Wrubel you have not disclosed, solicited Mr. Berman. Mr. Berman, in fact, has no substantive recollection of any communications with them and has no notes or documents that pertain to Mr. Wrubel or the Trust.

      Moreover, even assuming, for the sake of argument, that Mr. Berman communicated with an authorized representative of the plaintiff in this action (and we have yet to see any evidence of that) and assuming further that he possesses confidential information about this matter (which he does not), any such communications concerned only a prospective engagement of Mr. Berman, which is governed by Rule 1.18 of the New York Rules of Professional Conduct. Under that Rule, even where a lawyer has confidential information "that could be significantly harmful" to a former prospective client in a matter, his firm can still represent an adverse party in that matter upon compliance with Rule 1.18(d). Here, although not required, the provisions of Rule 1.18(d)(2) and (3) have been met by Mr. Berman and Kelley Drye.

      In short, there is no impediment to Kelley Drye continuing to represent John Hancock and there is no basis for disqualifying this firm.

Very truly yours,

*[signature]*

Steven P. Caley

cc:  Neil Merkl, Esq.
     Joshua Berman, Esq.
     David BenHaim, Esq.