**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897

www.kelleydrye.com

NEIL MERKL
DIRECT LINE: (212) 808-7811
EMAIL: nmerkl@kelleydrye.com

March 30, 2012

**VIA ECF**

The Honorable Judge William F. Kuntz, II
United States District Court for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust v. John Hancock Life Insurance Company*, Docket No. 11-cv-01873 (WFK)(LB)

Dear Judge Kuntz:

We represent Defendant, John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), and write in response to the letter from Mr. BenHaim dated March 29, requesting that the deposition of Mr. Herman Jacobowitz ("Mr. Jacobowitz") be stayed pending their motion to disqualify this firm, Kelley Drye & Warren LLP ("Kelley Drye"). The April 2 deposition of Mr. Jacobowitz was ordered to go forward by United States District Court Judge Lewis A. Kaplan of the Southern District of New York by an Order entered on March 20, 2012 (the "March 20 Order"). We request that the deposition proceed in the interim along with the April 3 and 4 depositions also ordered by Judge Kaplan in the March 20 Order. As we demonstrate below there is no disqualifying conflict here; and in any case Mr. Jacobowitz and his counsel have known about this issue since November 29, 2011 and have not raised it until the eve of Mr. Jacobowitz's deposition. We are available for a conference at the Court's convenience.

**The Deposition Should Be Permitted to Go Forward**

Mr. Jacobowitz was identified as a person with knowledge of the Insured's financial affairs in Plaintiff's Rule 26 Disclosures at the beginning of the case. In January, Plaintiff's counsel told us that they represented Mr. Jacobowitz and agreed to accept a subpoena for him and produce him for a deposition. When they did so, they knew of the conflict issue that had been raised in November. Mr. Jacobowitz's deposition was later adjourned when the case was stayed. (In the meantime, John Hancock discovered the massive evidence of fraud that prompted its most recent request to amend the answer [Dkt. No. 23] that the Court granted on March 27.) Once the stay was lifted and the deposition was rescheduled to February 28, Mr. Jacobowitz refused to appear without explanation, and Plaintiff's counsel withdrew from representing him. John Hancock, therefore, was forced to move to compel Mr. Jacobowitz's appearance in the Southern District of New York (the district where the subpoena was issued). Plaintiff's counsel

NY01/MERKN/1533759.2

**KELLEY DRYE & WARREN** LLP

Hon. Judge William F. Kuntz, II
March 30, 2012
Page Two

and Mr. Jacobowitz were both served with the motion papers. Neither Mr. Jacobowitz nor counsel filed an opposition or objection to the motion and no one appeared at the hearing before Judge Kaplan to raise the issues that they now raise. Judge Kaplan issued the March 20 Order directing Mr. Jacobowitz to produce documents by March 27 and to appear for a deposition on April 2, or face contempt of court sanctions. A copy of the Motion, the March 20 Order and Transcript before Judge Kaplan, dated March 20, 2012, are attached hereto as Exhibits A, B and C, respectively.

On March 27, Plaintiff's counsel notified us that they were once again representing Mr. Jacobowitz, and that he would appear but would not be producing documents. We advised counsel that we intended to go ahead with Mr. Jacobowitz's deposition, and advised that their client was in violation of the Court Order requiring the relevant documents be produced that day. This supposed conflict was not mentioned. Now, on the eve of Mr. Jacobowitz's deposition Mr. Jacobowitz raises this issue for the first time.

The Court should also be aware that this is not the only dilatory witness. Mr. Mordechai Rubin and B&M Resort LLC, also believed to be a primary participants in the fraud, were also subpoenaed and have refused to appear. Mr. Rubin was ordered by Judge Kaplan to appear on April 3, for his deposition, and B&M Resort was ordered to appear for a deposition on April 4. Fifteen other investors in the policies syndication have been found through the Trust's bank records and eight (8) have been subpoenaed. All follow the same pattern. They delay, and at the last minute refuse to appear. We are in the process of moving to compel their attendance as well.

Accordingly, we respectfully request that we be permitted to proceed with the deposition of Mr. Jacobowitz on Monday as ordered by Judge Kaplan. I will be conducting the examination along with my colleague, Mr. Sean Flanagan. We have been screened off from Mr. Berman pursuant to DR 1.18(d)(2), as we explain below. Neither of us have had any access to any supposedly confidential information.

**There Is No Conflict**

Plaintiff's counsel has known since November 2011 that Mr. Berman became a partner at Kelley Drye after leaving his prior firm. On November 29, 2011, Kelley Drye notified Plaintiff's counsel that it had discovered that Mr. Berman, while he was with his prior firm in late 2010, may have had contact with someone who purportedly represented the Trust regarding representation of the Trust in its dispute with John Hancock. A copy of the November 29 letter is attached hereto as Exhibit D. Although he briefly met with two individuals, Mr. Berman was not retained by the Trust. Mr. Berman has never had any involvement in Kelley Drye's representation of John Hancock in this matter and he has not conveyed any information relating to the Trust or this dispute to anyone at Kelley Drye. Kelley Drye, upon learning of this issue, immediately implemented screening procedures so that there would be no flow of information between Mr. Berman and others at the firm concerning this matter.

On December 22, 2011, Plaintiff's counsel sent a letter requesting that Kelley Drye recuse itself from this case. A copy of Plaintiff's letter, dated December 22, 2011, is attached hereto as Exhibit E.

**KELLEY DRYE & WARREN** LLP

Hon. Judge William F. Kuntz, II
March 30, 2012
Page Three

      On December 23, 2011, I wrote Mr. Lipsius informing him that we would forward his December 22 letter to this firm's counsel, Mr. Steven Caley, for his review and investigation. In the meantime, I requested that Mr. Lipsius identify who Mr. Berman's client was, the date he was retained, and the persons who met with Mr. Berman. A copy of my December 23, 2011, letter is attached hereto as Exhibit F. Plaintiff's counsel did not respond. The questions still have not been answered. On December 28, 2011, Mr. Caley, wrote to Plaintiff's counsel to advise him that he had spoken to Mr. Berman and that Mr. Berman never met and did not have any recollection of ever speaking with Plaintiff and was never retained as counsel, never did any work, and did not communicate with John Hancock as counsel for the Trust or Trustee. A copy of the December 28 letter is attached hereto as Exhibit G. Even though Mr. Berman believes that Mr. Jacobowitz may have been the person he met with concerning the Trust, Mr. Berman advises he has never been Mr. Jacobowitz's lawyer with respect to the Policies, or on any other matter. He also is not his friend, as the letter suggests. Kelley Drye, pursuant to DR 1.18(d)(2), has screened Mr. Berman off from the attorneys working on this matter and no information has ever been exchanged between Mr. Berman and the attorneys representing John Hancock in this matter. Thus, there is no conflict.

      Additionally, reliance on Canon 9 of the New York State Code in support of his argument for Kelley Drye's disqualification is misplaced. Canon 9 was repealed in New York in 2009. Indeed, even when the Code was in effect, the Disciplinary Rules under Canon 9 related to the conduct of former judges and public lawyers and preserving the identity of client funds and property. They had nothing whatsoever to do with the present situation.

      Since November 2011, we have amended the complaint twice, engaged in extensive discovery, deposed the Trust's accountant, the Plaintiff and the broker who sold the Policies. We have also obtained the Trust's and Mr. Jacobowitz's bank records. All of this with Plaintiff's full knowledge of the facts concerning this issue. Not once has Plaintiff objected. Accordingly, we respectfully submit that this motion is untimely and would unfairly prejudice John Hancock, and request that the Court allow the deposition of Mr. Jacobowitz to go forward on April 2, as ordered by Judge Kaplan.

                                    Respectfully submitted,

                                      /s/ *Neil Merkl*

                                    Neil Merkl

cc:    Ira Lipsius, Esq. (via ECF)
        David BenHaim, Esq. (via ECF)