# EXHIBIT G

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 808-7800

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7745
EMAIL: scaley@kelleydrye.com

December 28, 2011

**VIA FACSIMILE, PDF AND REGULAR MAIL**

Ira Lipsius, Esq.
Lipsius-Benhaim Law LLP
80-02 Kew Gardens Road
Kew Gardens, New York 11415

    Re:    *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Trust v. John Hancock*, 11-cv-01873

Dear Mr. Lipsius:

    I am a member of Kelley Drye & Warren LLP ("Kelley Drye") and its Firm Counsel. I have read your letter to Neil Merkl dated December 22, 2011, and there is nothing in it that alters our conclusion that Kelley Drye may properly continue its representation of John Hancock in this action. Any limited communications Mr. Berman had regarding a claim against John Hancock related to the possibility of Mr. Berman being retained as counsel, but ultimately no one ever retained Mr. Berman.

    Mr. Berman never met Ms. Wrubel, and has no recollection of speaking to her. There was no retainer agreement. No fee was ever paid. No work was done. Mr. Berman did not "communicate with John Hancock as attorney" as you suggest. The documents we produced to you show that when John Hancock's investigator contacted Mr. Berman, Mr. Berman told him he did not represent Ms. Wrubel, and had not yet received a written retention letter from the Trust. The notes show no other communications between John Hancock and Mr. Berman. The few, brief emails leading up to that call attached to your letter, all of which occurred within a five day period, reflect only Mr. Berman's anticipation that he might be retained, but ultimately he never was.

    As Mr. Merkl previously advised, Mr. Berman has been screened from the case. None of the attorneys on the case have discussed the matter with Mr. Berman. Mr. Berman has never worked on any matter associated with John Hancock. Mr. Berman also has never worked on any engagement of any kind with Mr. Merkl or Mr. Flanagan.

**KELLEY DRYE & WARREN LLP**

Ira Lipsius, Esq.
December 28, 2011
Page Two

      Your suggestion that Mr. Berman may have learned confidential information is as unsubstantiated as it is immaterial. Your letter, while suggesting Mr. Berman "had access to confidential information" is careful not to say that any confidential information was imparted. The emails you enclose indicate only that individuals, whose identity and relationship with Ms. Wrubel you have not disclosed, solicited Mr. Berman. Mr. Berman, in fact, has no substantive recollection of any communications with them and has no notes or documents that pertain to Mr. Wrubel or the Trust.

      Moreover, even assuming, for the sake of argument, that Mr. Berman communicated with an authorized representative of the plaintiff in this action (and we have yet to see any evidence of that) and assuming further that he possesses confidential information about this matter (which he does not), any such communications concerned only a prospective engagement of Mr. Berman, which is governed by Rule 1.18 of the New York Rules of Professional Conduct. Under that Rule, even where a lawyer has confidential information "that could be significantly harmful" to a former prospective client in a matter, his firm can still represent an adverse party in that matter upon compliance with Rule 1.18(d). Here, although not required, the provisions of Rule 1.18(d)(2) and (3) have been met by Mr. Berman and Kelley Drye.

      In short, there is no impediment to Kelley Drye continuing to represent John Hancock and there is no basis for disqualifying this firm.

Very truly yours,

Steven P. Caley

cc:   Neil Merkl, Esq.
       Joshua Berman, Esq.
       David BenHaim, Esq.