# EXHIBIT B

Issued by the
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHIRLEY WRUBEL, AS TRUSTEE OF
THE SARA HOLLANDER IRREVOCABLE
LIFE INSURANCE TRUST,

        Plaintiff,              SUBPOENA IN A CIVIL CASE

V.

JOHN HANCOCK LIFE INSURANCE       Civil Action No. 11-cv-01873 (WFK) (LB)
COMPANY,

        Defendant,

TO:   Mr. Joel Wertzberger
       1368 38th Street
       Brooklyn, NY 11218

☐ YOU ARE COMMANDED to appear in the United States Court at the place, date, and time specified below to testify in the above case.

| Place of testimony: | Date and time |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition shall be recorded by stenographic and sound-and-visual means and conducted before a person authorized to administer oaths in accordance with Rule 28(a) of the Federal Rules of Civil Procedure, and will continue day to day until completed.

| Place of deposition: | Date and time |
|---|---|
| **Reporter's Ink**<br>**32 Court Street, Suite 808**<br>**Brooklyn, New York 11201** | April 5, 2012<br>10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Schedule A annexed hereto.**

| Place | | Date and time |
|---|---|---|
| | **Sean R. Flanagan, Esq.**<br>**c/o Reporter's Ink**<br>**32 Court Street, Suite 808**<br>**Brooklyn, New York 11201** | April 2, 2012<br>5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and time |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing officer signature and title (indicate if attorney for plaintiff or defendant)<br>                     [signature]       Attorneys for Defendant | Date: **March 16, 2012** |
|---|---|

Issuing officer's name, address and phone number:    Sean R. Flanagan
                                                      Kelley Drye & Warren LLP
                                                      101 Park Avenue
                                                      New York, New York 10178
                                                      (212) 808-7800

(See Rule 45, Federal Rules of Civil Procedure, Parts C, D & E on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

NY01/FLANS/1531058.2

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                                    SIGNATURE OF SERVER

                                                                                    ADDRESS OF SERVER

**RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, SUBDIVISIONS (c), (d) AND (e), as amended on December 1, 2006:**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limits of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.** Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend and produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

NY01/FLANS/1531058.2

## Schedule A

## GENERAL INSTRUCTIONS

For the purposes of these Requests, the following instructions shall apply:

1.     The provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rules 26.2, 26.3, 26.7, and all other applicable rules are incorporated by reference.

2.     In answering these Requests, you are required not only to furnish such information as you know of your own personal knowledge, but also to furnish information that is in the possession of your attorneys, investigators or anyone acting in your behalf or their behalf, except to the extent that such information is privileged.

3.     If your answer is qualified in any particular manner, set forth the details of such qualification.

4.     In the event you claim that any information called for in these Requests is immune from discovery on the ground of privilege, the information that is set forth in Local Rule 26.2 shall be provided in writing.

5.     A complete original or copy of each document or thing must be produced, even though only a portion of such document or thing is responsive to one of the numbered requests contained herein. Documents shall not be edited, cut, redacted (except where a claim of privilege is asserted with respect to a portion of a document) or expunged and shall include all attachments, appendices, tables and exhibits and all covering memoranda, letters or documents. Things, (e.g., computer data tapes) shall not be altered or modified, unless otherwise directed.

6.     Unless otherwise stated, these Requests seek the production of documents from the period January 1, 2004 to the present.

7. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this request is a continuing one and requires further and supplemental production by you as and whenever you make or locate additional documents or things between the time of initial production and the time of trial in this action.

## DEFINITIONS

1. For the purposes of these Requests, the definitions and rules of construction set forth in Rule 26.3 and 26.7 of the Civil Rules of the United States District Court for the Eastern District of New York (the "Local Rules") shall apply.

2. "Wertzberger" or "You" means Joel Wertzberger and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

3. "073 Policy" means the life insurance policy alleged in paragraph 11 of the Complaint and attached to Defendant's Answer, Affirmative Defenses and Counterclaims as Exhibit B, and any amendments, schedules, exhibits, addenda and modifications thereto.

4. "075 Policy" means the life insurance policy alleged in paragraph 11 of the Complaint and attached to Defendant's Answer, Affirmative Defenses and Counterclaims as Exhibit D, and any amendments, schedules, exhibits, addenda and modifications thereto.

5. "Abraham Grunhut" means Abraham Grunhut and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

6. "Axcessa" means Axcessa LLC, and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

7. "Azras Yisorel Inc." means Azras Yisorel Inc., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

8. "B & M Resort LLC" means B & M Resort LLC, and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

9. "Berkowitz" means Chaim Berkowtiz, CPA, and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

10. "Bnei Levi" means Bnei Levi and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

11. "Boro Park Chasudim Rabim" means Boro Park Chasudim Rabim and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

12. "Classon NY Inc." means Classon NY Inc., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

13. "Congregation Ahavas Shulem Dnadverne" means Congregation Ahavas Shulem Dnadverne and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

14. "Congregation A.Y." means Congregation A.Y., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

15. "Congregation Ach Tov" means Congregation Ach Tov and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

16. "Congregation Kipas Halvuah" means Congregation Kipas Halvuah and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

17. "Congregation YL South 8" means Congregation YL South 8 and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

18. "Empire" means Empire Insurance Brokerage, and any and all of its current and former officers, directors, employees, agents, representatives, predecessors,

successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

19. "Erno Wrubel" means Erno Wrubel and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

20. "Esther Brach" means Esther Brach and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

21. "February Application" means the Application submitted by Sara Hollander and plaintiff, Shirley Wrubel on or about February 12, 2008 and attached as Exhibit A to Defendant's Answer, Affirmative Defenses and Counterclaims, dated July 11, 2011.

22. "Freda Weiss" means Freda Weiss and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

23. "G.M.H." means G.M.H., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

24. "Gemach Sarah Perl Inc." means Gemach Sarah Perl Inc., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

25. "Goldberger" means Joel Goldberger and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

26. "Granite Equity" means Granite Equity Holdings Corp., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors,

successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

27. "H. Jacobowitz" means Herman Jacobowitz, and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

28. "Halperin" means Mindy Halperin and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

29. "Hanna Ostriker" means Hanna Ostriker and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

30. "Hershel Brach" means Herschel Brach and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

31. "Insured" means Sara Hollander and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf, including her Estate.

32. "Jacob Hollander" means Jacob Hollander and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

33. "John Hancock" means defendant John Hancock Life Insurance Company (USA), and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

34. "Kipas H." means Kipas H., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

35. "LLC" means the Sara Hollander Family, LLC and any and all of its current and former mangers, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

36. "Lola Felderbaum" means Lola Felderbaum and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

37. "M. Jacobowitz" means Mindy Jacobowitz, and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

38. "May Application" means the Application attached as Exhibit C to Defendant's Answer, Affirmative Defenses and Counterclaims, dated July 11, 2011.

39. "Protector Security" means Protector Security Associates Inc., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

40. "Rubin" means Mordechai Rubin, and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

41. "Sam Feder" means Sam Feder, and his current and former agents, representatives, attorneys, and anyone else acting or purporting to act on his behalf.

42. "Source One Trading" means Source One Trading and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

43. "Trust" means the Sara Hollander Irrevocable Life Insurance Trust, and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

44. "T.V.O.K." means T.V.O.K., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

45. "Wrubel" means plaintiff Shirley Wrubel, individually and as Trustee for the Sara Hollander Irrevocable Life Insurance Trust, and in any other capacity, and her current and former agents, representatives, attorneys, and anyone else acting or purporting to act on her behalf.

46. "Yeshiva Ohel Shaim Inc." means Yeshiva Ohel Shaim Inc., and any and all of its current and former officers, directors, employees, agents, representatives, predecessors, successors, parents, subsidiaries, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

## DOCUMENTS TO BE PRODUCED

1. All documents maintained by You in any way relating to or concerning the Trust, the LLC, the 073 Policy, the 075 Policy, Ms. Wrubel, Rubin, the Insured, Goldberger, Granite Equity, Protector Security and/or Abraham Grunhut.

2. All documents reflecting or concerning any communications, including but not limited to e-mails, letters and memoranda between or among (1) You, (2) Axcessa, (3) H. Jacobowitz, (4) the Insured or Jacob Hollander, (5) Wrubel, and/or Erno Wrubel and their

children, (6) Goldberger, (7) the Trust (including anyone acting on the Trust's behalf), (8) the LLC, (9) Halperin, (10) M. Jacobowitz, (11) Rubin, (12) Sam Feder, (13) Empire, (14) John Hancock, (15) Granite Equity, (16) Protector Security, (17) Freda Weiss, (18) Lola Felderbaum, (19) Hanna Ostriker, (20) Abraham Grunhut and (21) any accountant or any other third party, concerning the following topics:

    a.    the 073 Policy;

    b.    the 075 Policy;

    c.    the purchase, underwriting or placement of either the 075 or 073 Policies;

    d.    any version of any application for either Policy;

    e.    formation, purpose or actions taken on behalf of the Trust or the LLC;

    f.    effort to buy, sell or assign the Policy, convey or assign any interest in the Trust or any share in the LLC;

    g.    net worth or income of the Insured;

    h.    Wrubel's role as Trustee; and

    i.    claims made for death benefits under either Policy.

    j.    any payments made to anyone in connection with the Policies or premiums paid under the Policies.

3.    To the extent not already encompassed by the proceeding requests, all documents referring or relating to any attempt by any person to purchase life insurance from any source on the life of the Insured.

4.    All documents reflecting any business or other relationship between You and the Trust, the LLC, Wrubel, the Insured, Rubin, Empire, Abraham Grunhut or Goldberger.

5.    All documents referring or reflecting Your interest in the LLC, the Trust or any of the Policies.

6. All documents, including but not limited to communications e-mails, letters, agreements and memoranda, concerning Your negotiations with Rubin, Goldberger, Granite Equity and/or Protector Security concerning Your purchase of an interest in any of the Policies, the LLC and/or the Trust, or any payment or transaction of any kind associated in any way with the Policies.

7. All documents concerning or relating to Your payments of any premiums, financing of premiums, loan agreements for payment of premiums or source of funds used to pay premiums under the Policies.

8. All documents reflecting any communication by and between You and/or accountants, brokers or financial advisors of the Insured or Trustee or Rubin concerning the Policies.

9. All documents referring or relating to any actions taken by You in connection with anyone making a claim under the 073 or 075 Policy.

10. All documents of any kind reflecting on business, financial, and/or investment interest of the Insured and/or her family and/or statements reflecting any ownership interest in bonds, securities and/or real estate.

11. All documents of any kind reflecting any aspect of the net worth or income of the Insured or her family or any documents which indicate the lack of net worth or annual income in the amounts claimed in the February and May Applications.

12. Any documents reflecting the Insured's interest in any I.R.A. or 401K account or right to receive any pension benefits.

13. All documents reflecting or relevant to the Insured's federal and state income tax filings (or failure to file) from 2005 to the present.

14. Any and all documents reflecting any interest of the Insured in any real property or real estate investment.

15. Any and all documents reflecting the existence of any false or incorrect statements in either the February or May Applications.

16. Any and all documents reflecting the existence, extent of the Insured's estate.

17. All documents, contracts, files, e-mails, or electronically stored information of any kind reflecting or concerning any communications, including but not limited to e-mails, letters and memoranda between or among (1) You, (2) Axcessa, (3) Azras Yisorel, Inc., (4) Benei Levi; (5) B & M Resort LLC, (6) Boro Park Chasudim Rabim, (7) Boyoner Gemalis Chesed, (8) Classon NY Inc., (9) Congregation Ahavas Shulem Dnadverne, (10) Congregation A.Y., (11) Congregation Kipas Halvuah, (12) Congregation YL South 8, (13) G.M.H., (14) Gemach Sarah Perl, Inc., (15) Hershel Brach, (16) Esther Brach, (17) Kipas H., (18) Protector Security, (19) Source One Trading Inc., (20) T.V.O.K., (21) Yeshiva Ohel Shaim Inc. and/or (22) any accountant or other third party, concerning the purchase, assignment or receipt of an interest in the Policies, the Trust or the shares in the LLC, or claim some portion of the proceeds under the Policies, or payment of any premiums under the Policies.

## Schedule B

## TOPICS FOR EXAMINATION

1. Any communications between You and Wrubel, Hollander, Rubin, Berkowitz, Goldberger, Empire, Halperin, M. Jacobowitz, Granite Equity, Protector Security and/or the Trust concerning the Insured's net worth and/or the creation of the Trust or the LLC or the Policies.

2. All matters described in the Document requests.

3. All matters relating to the Policies, the applications, the purchase of the Policies, claims under the Policy, payment of premium under the Policies and attempts to sell the policies, and any person expressing an interest in purchasing the Policies.

4. All matters relating to your purchase of and ownership in the Policies, the LLC and/or the Trust.

5. All matters relating to your payment, advancing and/or loaning money for premiums under the Policies.

6. The finances, net worth and income of the Insured and all matters pertaining to her financial condition.

7. The assets and liabilities of the Insured's Estate.