LIPSIUS-BENHAIM LAW, LLP
Attorneys for Plaintiff
80-02 Kew Gardens Road
Kew Gardens, NY 11415
212-981-9440

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SHIRLEY WRUBEL, as Trustee of the Sara Hollander     Docket No. 11-cv-01873
Irrevocable Life Insurance Trust,     (DLI)(LB)

         Plaintiff,

       -against-               **PLAINTIFF'S ANSWER TO**
                                     **DEFENDANT'S THIRD**
JOHN HANCOCK LIFE INSURANCE CO.,     **<u>AMENDED COUNTERCLAIMS</u>**

         Defendant.
-----------------------------------------------------------------X

        Plaintiff, Shirley Wrubel as Trustee of the Sara Hollander Irrevocable Life Insurance

Trust ("Trust"), as and for her Answer to Defendant's Third Amended Answer and Affirmative

Defenses and Counterclaims (the "Counterclaims"), states as follows:

       1.      Denies the allegations contained in paragraph 1 of the Counterclaims.

       2.      Denies the allegations contained in paragraph 2 of the Counterclaims.

       3.      Admits the allegations contained in paragraph 3 of the Counterclaims.

       4.      Admits the allegations contained in paragraph 4 of the Counterclaims.

       5.      Denies the allegations contained in paragraph 5 of the Counterclaims.

       6.      Admits the allegations contained in paragraph 6 of the Counterclaims.

       7.      Admits the allegations contained in paragraph 7 of the Counterclaims.

       8.      Denies the allegations contained in paragraph 8 of the Counterclaims.

       9.      Admits the allegations contained in paragraph 9 of the Counterclaims.

      10.      Admits the allegations contained in paragraph 10 of the Counterclaims.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaims.

12.     Admits the allegations contained in paragraph 12 of the Counterclaims.

13.     Admits the allegations contained in paragraph 13 of the Counterclaims.

14.     Denies the allegations contained in paragraph 14 of the Counterclaims.

15.     Denies the allegations contained in paragraph 15 of the Counterclaims, but avers that Exhibit A is an inadmissible document and that the application was not signed by plaintiff.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaims, but avers that Exhibit A is an inadmissible document and that the application was not signed by plaintiff.

17.     Denies the allegations contained in paragraph 17 of the Counterclaims, but avers that Exhibit A is an inadmissible document and that the application was not signed by plaintiff.

18.     Denies the allegations contained in paragraph 18 of the Counterclaims, but avers that Exhibit A is an inadmissible document and that the application was not signed by plaintiff.

19.     Denies the allegations contained in paragraph 19 of the Counterclaims, but avers that Exhibit A is an inadmissible document and that the application was not signed by plaintiff.

20.     Denies the allegations contained in paragraph 20 of the Counterclaims, but avers that Exhibit A is an inadmissible document and that the application was not signed by plaintiff.

21.     Denies the allegations contained in paragraph 21 of the Counterclaims, but avers that Exhibit A is an inadmissible document and that the application was not signed by plaintiff.

22.     Denies the allegations contained in paragraph 22 of the Counterclaims.  Plaintiff further avers that the Trust certification was not attached to the policy and is therefore inadmissible and a legal nullity.

23.     Denies the allegations contained in paragraph 23 of the Counterclaims.  Plaintiff further avers that the only application attached to the policy is unsigned and a nullity.

24.     Denies the allegations contained in paragraph 24 of the Counterclaims.  Chaim Berkowitz had testified that he was not Ms. Hollander's account or lawyer but simply set up the Trust and LLC.

25.     Denies the allegations contained in paragraph 25 of the Counterclaims.

26.     Denies the allegations contained in paragraph 26 of the Counterclaims.  The application attached to the policy is unsigned and Exhibit B is an inadmissible document because it was not bound to the policy.

27.     Denies the allegations contained in paragraph 27 of the Counterclaims.

28.     Denies the allegations contained in paragraph 28 of the Counterclaims.  Exhibit D is not a copy of the 075 Policy as Exhibit D is missing many pages from the actual policy as delivered and also contains pages not present in the original 075 policy.

29.     Denies the allegations contained in paragraph 29 of the Counterclaims, but admits that Ms. Hollander executed an application which contained such language.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Counterclaims.

31.     Denies the allegations contained in paragraph 31 of the Counterclaims.

32.     Denies the allegations contained in paragraph 32 of the Counterclaims.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Counterclaims.

34.     Denies the allegations contained in paragraph 34 of the Counterclaims.  The policies were not delivered in New Jersey.

35.     Denies the allegations contained in paragraph 35 of the Counterclaims.   The policies were not delivered in New Jersey.

36.     Denies the allegations contained in paragraph 36 of the Counterclaims.  Exhibits C And D are not copies of the policies, but avers that the policies contained "incontestability" provisions complying with New York Insurance Law.

37.     Denies the allegations contained in paragraph 37 of the Counterclaims.  Exhibits C and D are not copies of the policies, but admits that the policies insured Sara Hollander.

38.     Denies the allegations contained in paragraph 38 of the Counterclaims.  Exhibits C and D are not copies of the policies.

39.     Denies the allegations contained in paragraph 39 of the Counterclaims.  Exhibits C and D are not copies of the policies.

40.     Denies the allegations contained in paragraph 40 of the Counterclaims.  Exhibits C and D are not copies of the policies.

41.     Admits the allegations contained in paragraph 41 of the Counterclaims.

42.     Admits the allegations contained in paragraph 42 of the Counterclaims.

43.     Admits the allegations contained in paragraph 43 of the Counterclaims.

44.     Admits the allegations contained in paragraph 44 of the Counterclaims.

45.     Denies the allegations contained in paragraph 45 of the Counterclaims.

46.     Denies the allegations contained in paragraph 46 of the Counterclaims.

47.     Admits the allegations contained in paragraph 47 of the Counterclaims.

48.     Denies the allegations contained in paragraph 48 of the Counterclaims.  Plaintiff did not make any representations in the Application.

49.     Denies the allegations contained in paragraph 49 of the Counterclaims.

4

50.     Denies the allegations contained in paragraph 50 of the Counterclaims.

51.     Denies the allegations contained in paragraph 51 of the Counterclaims.

52.     Denies the allegations contained in paragraph 52 of the Counterclaims.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Counterclaims.

54.     Admits the allegations contained in second paragraph 54 of the Counterclaims.

55.     Denies the allegations contained in paragraph 55 of the Counterclaims.

56.     Denies the allegations contained in paragraph 56 of the Counterclaims.

57.     Denies the allegations contained in paragraph 57 of the Counterclaims.

58.     Denies the allegations contained in paragraph 58 of the Counterclaims.

59.     Denies the allegations contained in paragraph 59 of the Counterclaims.

60.     Denies the allegations contained in paragraph 60 of the Counterclaims.

61.     Denies the allegations contained in paragraph 61 of the Counterclaims.

62.     Denies the allegations contained in paragraph 62 of the Counterclaims.

63.     Denies the allegations contained in paragraph 63 of the Counterclaims.

64.     Denies the allegations contained in paragraph 64 of the Counterclaims.

## AS TO THE FIRST COUNTERCLAIM

65.     Plaintiff incorporates by reference her answers to paragraphs 1 through 64 of the Counterclaims as though the same were set forth at length herein.

66.     Denies the allegations contained in paragraph 66 of the Counterclaims.

67.     Denies the allegations contained in paragraph 67 of the Counterclaims.

68.     Denies the allegations contained in paragraph 68 of the Counterclaims.

69.     Denies the allegations contained in paragraph 69 of the Counterclaims.

## AS TO THE SECOND COUNTERCLAIM

70.     Plaintiff incorporates by reference her answers to paragraphs 1 through 69 of the Counterclaims as though the same were set forth at length herein.

71.     Denies the allegations contained in paragraph 71 of the Counterclaims.

72.     Denies the allegations contained in paragraph 72 of the Counterclaims.

73.     Denies the allegations contained in paragraph 73 of the Counterclaims.

## AS TO THE THIRD COUNTERCLAIM

74.     Plaintiff incorporates by reference her answers to paragraphs 1 through 73 of the Counterclaims as though the same were set forth at length herein.

75.     Denies the allegations contained in paragraph 75 of the Counterclaims.

76.     Denies the allegations contained in paragraph 76 of the Counterclaims.

77.     Denies the allegations contained in paragraph 77 of the Counterclaims.

78.     Denies the allegations contained in paragraph 78 of the Counterclaims.

79.     Denies the allegations contained in paragraph 79 of the Counterclaims.

80.     Denies the allegations contained in paragraph 80 of the Counterclaims.

81.     Denies the allegations contained in paragraph 81 of the Counterclaims.

82.     Denies the allegations contained in paragraph 82 of the Counterclaims.

83.     Denies the allegations contained in paragraph 83 of the Counterclaims.

84.     Denies the allegations contained in paragraph 84 of the Counterclaims.

## AS TO THE FOURTH COUNTERCLAIM

85.     Plaintiff incorporates by reference her answers to paragraphs 1 through 84 of the Counterclaims as though the same were set forth at length herein.

86.     Denies the allegations contained in paragraph 86 of the Counterclaims.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Counterclaims.

88.     Denies the allegations contained in paragraph 88 of the Counterclaims.

89.     Denies the allegations contained in paragraph 89 of the Counterclaims.

90.     Denies the allegations contained in paragraph 90 of the Counterclaims.

## AS TO THE FIFTH COUNTERCLAIM

91.     Plaintiff incorporates by reference her answers to paragraphs 1 through 90 of the Counterclaims as though the same were set forth at length herein.

92.     Denies the allegations contained in paragraph 92 of the Counterclaims.

93.     Denies the allegations contained in paragraph 93 of the Counterclaims.

94.     Denies the allegations contained in paragraph 94 of the Counterclaims.

## AS TO THE SIXTH COUNTERCLAIM

95.     Plaintiff incorporates by reference her answers to paragraphs 1 through 94 of the Counterclaims as though the same were set forth at length herein.

96.     Denies the allegations contained in paragraph 96 of the Counterclaims.

97.     Denies the allegations contained in paragraph 97 of the Counterclaims.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted and should therefore, be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

John Hancock and/or its agents was/were aware, or could have made itself/themselves aware, of all of the facts surrounding the policies and the insured, and therefore has/have waived any alleged basis to void the policies for false application.

7

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

John Hancock and/or its agents was/were aware, or could have made itself/themselves aware, of all of the facts surrounding the policies and the insured and is estopped from rescinding the policies.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

John Hancock, through its actions, has ratified the insurance policies.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

John Hancock has failed to state any cause of action against the Trust.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

John Hancock is not the real party in interest.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

John Hancock's claim is barred under the doctrine of "unclean hands."

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

John Hancock's claim is barred under the doctrine of laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

John Hancock's claim is barred by the statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The counterclaim is untimely and brought after the time allowed by the policy and applicable insurance statutes.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Sara Hollander believed she was worth what she represented in her application.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

John Hancock cannot void the policy based upon the representations made in the Applications because the Applications were not signed.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

John Hancock cannot void the policy based upon any representations alleged in the Counterclaims because they were made in document not physically attached to the policy as delivered to the insured.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

When John Hancock issued the 075 Policy, the policy violated its own financial underwriting requirements.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

John Hancock ignored information received in violation of its own underwriting guidelines including a poor credit report received on the life of Sara Hollander and/or failed to comply with its own underwriting guidelines.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

At the time John Hancock sold and issued the Policy, John Hancock was actively engaged in the business of selling life insurance policies on the lives of elderly individuals without regard to the income or net worth of the insured.

John Hancock sold many such life insurance policies constituting many hundreds of millions of dollars of life insurance.

John Hancock was well aware at the time it sold and issued the Policy that it was selling life insurance policies on the lives of elderly individuals without regard to the financial condition of the insured, and that this practice was widespread.

9

John Hancock actively and knowingly engaged in the business of selling life insurance on elderly individuals to such life insurance trusts.

John Hancock either viewed this practice as lawful and legitimate, or willfully turned a blind eye to it.

John Hancock accepted premium payments on such life insurance policies with the hope that the policies would lapse for failure to pay premiums so that John Hancock can keep all of the insurance premiums paid without providing any coverage.

In the event a policy would not lapse within the two year contestability period, John Hancock would challenge the validity of the policies and keep the premiums.

In the event an insured would die before the policy became profitable, John Hancock would not pay the benefits and instead challenge the policy and seek to keep the premiums.

Plaintiff was aware that John Hancock, by its conduct, deemed the business of selling such policies to be proper and acceptable.

John Hancock encouraged plaintiff to purchase insurance, not interested in the insured's financial condition.

Having actively and publicly endorsed the foregoing business practices, having by virtue of its conduct legitimized these practices, having induced plaintiff to acquire the Policies, and having accepted premium payments with respect to the Policies, John Hancock is estopped from repudiating the Policy and disavowing its legitimacy.

In this case, John Hancock has no reason whatsoever to believe Sara Hollander misrepresented her medical or financial condition in the application and has alleged such without any foundation.

By virtue of the foregoing, John Hancock is estopped from seeking rescission of the Policy on the ground of the financial representations made in the policy.

**WHEREFORE,** it is respectfully requested that the Counterclaims as against the Trustee, be dismissed in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:  Kew Gardens, New York
        May 30, 2012

                                       LIPSIUS – BENHAIM LAW, LLP
                                       Attorneys for Plaintiff

By: _____
                                        David BenHaim
                                 80-02 Kew Gardens Road, Suite 1030
                                 Kew Gardens, NY 11415
                                 212-981-8440