# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7584
EMAIL: sflanagan@kelleydrye.com

June 12, 2012

**VIA ECF**

Magistrate Judge Lois Bloom
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust v. John Hancock Life Insurance Company*, Docket No. 11-cv-01873 (WFK)(LB)

Dear Judge Bloom:

This firm represents the Defendant John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), in the above captioned action (the "Action"). We reluctantly write to request the Court's assistance with ordering Plaintiff to cooperate with John Hancock to obtain the insured's, Ms. Hollander (the "Insured"), tax records.

John Hancock requested the Insured's tax records from 2005 through 2011 (the "Tax Records"), as part of its document requests, served on Plaintiff on September 20, 2011. Plaintiff agreed to cooperate and provided an executed Form 4506 to retrieve these records. In December, 2011, John Hancock submitted the executed Form 4506 to the Internal Revenue Service ("IRS") along with Trust documents, establishing that the Plaintiff was the Trustee of the Sara Hollander Trust and Ms. Hollander's daughter. In May, after numerous calls to the IRS, John Hancock was informed that the IRS, citing privacy concerns, could not provide the Tax Records because the Trust Documents were insufficient to establish a family relationship between the Plaintiff and Ms. Hollander, notwithstanding that the Trustee is the Insured's daughter. The IRS, however, informed us that they would provide the requested information if Ms. Wrubel submitted a birth certificate, evidencing that she is Ms. Hollander's daughter, along with an executed Form 4506.

On May 15, 2012, we sent Plaintiff an application for her birth certificate and a Form 4506 to either be submitted to the IRS or provided to John Hancock in order for John Hancock to

**KELLEY DRYE & WARREN LLP**

Magistrate Judge Lois Bloom
June 4, 2012
Page Two

submit the required documents to the IRS. Plaintiff's counsel told us that he would obtain the birth certificate and send the forms to his client for signing. On Friday, June 1, 2012, I followed up with Plaintiff's counsel in an email and left him a phone message inquiring the status of Ms. Hollander's Tax Records. Plaintiff's counsel told me that his client would provide the requested information by Friday, June 8. On June 7, after a deposition in this action, Plaintiff's counsel told me that he was expecting his client to send him the IRS forms the next day and he would provide the requested materials on June 8.

As of today, Plaintiff has not produced her birth certificate or an executed 4506 Form. I spoke to Plaintiff's counsel again today about these documents and was told that he would request these documents from his client again. Fact discovery in this matter is almost complete and the Insured's tax records are relevant to John Hancock's defense that the Plaintiff and the Insured misrepresented Ms. Hollander's net worth. Plaintiff has not produced any tax or financial records for her mother notwithstanding the fact that she previously testified she collected her mother's records after her death.

Given the time needed for the IRS to respond to John Hancock's request for the Tax Records, John Hancock respectfully requests that the Court order Plaintiff to furnish her birth certificate and an executed 4506 Form to allow John Hancock to obtain the Tax Records, immediately, and if Plaintiff fails to provide this documentation by a date certain, it should be found by the Court that the Insured did not report any income to the IRS from 2005 through 2011 and Plaintiff be precluded from offering any evidence as to the Insured's income during this period.

Respectfully submitted,

*/s/ Sean R. Flanagan*

Sean R. Flanagan

cc:   Ira S. Lipsius, Esq. (via ECF)
      David BenHaim, Esq. (via e-mail)