Case 1:11-cv-01873-WFK-LB   Document 43   Filed 06/15/12   Page 1 of 5 PageID #: 820

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SHIRLEY WRUBEL, *as Trustee for the Sara Hollander Irrevocable Life Insurance Trust*,

                      Plaintiff,                    **ORDER**
                                                      **11 CV 1873 (WFK)(LB)**
        -against-

JOHN HANCOCK LIFE INSURANCE
COMPANY,

                      Defendant.
---------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff moves to disqualify the law firm of Kelley, Drye & Warren, LLP from representing defendant in this action. For the following reasons, plaintiff's motion to disqualify is denied.

## BACKGROUND

        Plaintiff commenced this action in New York State Supreme Court, Kings County, on December 10, 2010, and defendant removed it to this Court on April 15, 2011. (Docket entry 1.) Plaintiff, as trustee of the Sara Hollander Irrevocable Life Insurance Trust, claims that defendant owes the Trust ten million dollars on two life insurance policies issued to Sara Hollander in 2008. Hollander died on December 13, 2009. Plaintiff filed a claim for benefits under the policies on October 26, 2010, and defendant has not paid the claim. Defendant asserts counterclaims against plaintiff for, *inter alia*, rescission of the policies based on material misrepresentations and fraudulent inducement. (Docket entry 31.) The Court held the initial pretrial conference on August 30, 2011 and set the deadline for the completion of discovery. Since that time, discovery has been extended five times; all discovery is currently scheduled to close on August 1, 2012.

1

On March 29, 2012, plaintiff requested a pre-motion conference regarding a motion to disqualify the law firm of Kelley, Drye & Warren, LLP and to stay the deposition of Herman Jacobowitz pending the Court's decision on the motion to disqualify. (Docket entry 27.) Plaintiff argues that Joshua Berman, who is now a partner at Kelley, Drye & Warren, LLP, represented the Trust in this matter when he worked at his prior law firm. Defendant opposed plaintiff's motion to disqualify and for a stay. (Docket entry 28.) Plaintiff then requested that the Court review the emails exchanged between Jacobowitz and Berman *in camera*. (Docket entry 29.) The Court granted plaintiff's request and the emails were produced for the Court's *in camera* review. Judge Kuntz held a conference on April 5, 2012 to address plaintiff's motion to disqualify. Judge Kuntz denied plaintiff's request to stay discovery pending the resolution of the motion to disqualify and stated that the motion would be decided without further briefing. Judge Kuntz has referred plaintiff's motion to disqualify to me.

## DISCUSSION

"Whether to disqualify an allegedly conflicted attorney or firm is left to the court's discretion." Am. Int'l Grp., Inc. v. Bank of Am. Corp., 11 Civ. 612 (BSJ), 2011 U.S. Dist. LEXIS 141012, at *9 (S.D.N.Y. Dec. 6, 2011) (citation omitted). "Disqualification is disfavored in this Circuit and, as a result, the party seeking it must meet a high standard of proof before it is granted." Id. "Although the American Bar Association ('ABA') and state disciplinary codes provide valuable guidance, a violation of those rules may not warrant disqualification. Instead, disqualification is warranted only if 'an attorney's conduct tends to taint the underlying trial.'" GSI Commerce Solutions, Inc. v. BabyCenter, L.L.C., 618 F.3d 204, 209 (2d Cir. 2010) (quoting Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)) (other citation omitted).

"Disqualification may be warranted where the attorney is in a position to use privileged information gained from a former client, to the advantage of a current client." Leslie Dick

Worldwide, Ltd. v. Soros, No. 08 Civ. 7900 (BSJ)(THK), 2009 U.S. Dist. LEXIS 63192, at *23 (S.D.N.Y. July 22, 2009) (citation omitted). "In cases of successive representation, [the Second Circuit has] held that an attorney may be disqualified if: '(1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.'" Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 133 (2d Cir. 2005) (quoting Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983)).

"While there is no single, well-defined test used to determine whether an attorney-client relationship exists," courts have considered the following six factors relevant to determining whether an attorney-client relationship exists:

> 1) whether a fee arrangement was entered into or a fee paid; 2) whether a written contract or a retainer agreement exists indicating that the attorney accepted representation; 3) whether there was an informal relationship whereby the attorney performed legal services gratuitously; 4) whether the attorney actually represented the individual in one aspect of the matter (e.g., at a deposition); 5) whether the attorney excluded the individual from some aspect of a litigation in order to protect another (or a) client's interest; 6) whether the purported client believes that the attorney was representing him and whether this belief is reasonable.

Leslie Dick Worldwide, Ltd., 2009 U.S. Dist. LEXIS 63192, at *28 (citations omitted). When an attorney "attempt[s] to show that their work for the party seeking disqualification did not put them in a position to access confidential material, . . . [t]he inquiry focuses on what role the lawyer played in the prior matter, and the nature of the attorney's relationship with the client." Id. at 44. "[I]f an attorney can demonstrate that her level of involvement in a prior case was minimal, and that she did not become heavily involved in the fact, a court is free to conclude that

3

the attorney was not 'likely' to have had access to confidential information." Id. at 45 (internal quotation marks and citations omitted).

Defendant contends that while Berman may have met with Jacobowitz regarding the Trust, Berman was never retained as counsel for the Trust and never communicated with John Hancock as counsel for the Trust. The emails reviewed *in camera* by the Court reflect that following the death of Hollander, Jacobowitz sought to retain Berman, who then worked at Meltzer Lippe LLP, on behalf of the Trust.[1] Over the course of three months in late 2010, Berman met in person with Jacobowitz on two occasions to discuss the filing of a claim on the insurance policies, reviewed the claim form before it was filed with John Hancock, and spoke to John Hancock's investigator regarding the claim. It does not appear that Berman ever had any contact with plaintiff Shirley Wrubel. Berman also never entered into a retainer agreement; before a retainer agreement was drafted or a retainer fee paid, Joel Goldberger informed Berman that the Trust would be retaining a different attorney to work on the matter. Although the parties discussed paying Berman for the limited services he had provided, the record does not reflect that Berman ever received a fee. Berman never represented the Trust in any type of proceeding, but did speak to a John Hancock investigator after the claim on the life insurance policies had been filed.

It is undisputed that Berman's interactions with Jacobowitz were related to the subject matter of this litigation. However, even assuming that an attorney-client relationship existed between Berman and the Trust, the instant record does not reflect that it is likely that Berman had access to confidential information regarding the Trust. The emails between Berman and

---

[1] Jacobowitz was a former business partner of Hollander and had paid the premiums of one of her life insurance policies through his business, Classon NY, Inc. (Docket entry 27.)

4

Jacobowitz do not reveal any confidential information and Berman's involvement was limited to assisting in the filing of the claim with defendant.

More importantly, even if Berman did have access to confidential information regarding the Trust and the life insurance policies, disqualification of Kelley, Drye & Warren, LLP would not be warranted in this case. "An attorney's conflicts are ordinarily imputed to his firm based on the presumption that 'associated' attorneys share client confidences." Hempstead Video, Inc., 409 F.3d at 133. "One method of rebutting the presumption is by demonstrating a timely and effective ethical screen that fences the disqualified attorney from the other attorneys in the firm in connection with the case for which the conflict is alleged." Am. Int'l Grp., Inc., 2011 U.S. Dist. LEXIS 141012, at *11 (internal quotation marks and citation omitted). Here, the record reflects that Berman has not been engaged in the representation of defendant in this matter at Kelley, Drye & Warren, LLP and has not exchanged any information with those attorneys representing defendant. Kelley, Drye & Warren, LLP screened Berman off from the attorneys working on this case in November 2011, as soon as the firm discovered Berman's relationship with Jacobowitz during the preparation of document production. Given Kelley, Drye & Warren, LLP's timely and effective screening of Berman, defendant has successfully rebutted the presumption that Berman shared any client confidences with his new law firm.

## CONCLUSION

Accordingly, plaintiff's motion to disqualify the law firm of Kelley, Drye & Warren, LLP from representing defendant in this action is denied.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: June 15, 2012
      Brooklyn, New York