**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7584
EMAIL: sflanagan@kelleydrye.com

August 1, 2012

**VIA ECF**

Magistrate Judge Lois Bloom
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust v. John Hancock Life Insurance Company*, Docket No. 11-cv-01873 (WFK)(LB)

Dear Judge Bloom:

     This firm represents the Defendant John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), in the above captioned action (the "Action"). We write concerning (i) this Court's Order, dated June 14, 2012, compelling Plaintiff to produce a copy of her birth certificate and an executed IRS Form 4506 in order to allow John Hancock to obtain the Insured's, Ms. Hollander's, tax records, (ii) and for an order excusing John Hancock for responding to late filed and irrelevant notices to admit.

Tax Return

     Plaintiff was Ordered to provide her birth certificate and an executed Form 4506 by June 21, 2012, which would allow John Hancock to obtain copies of her mother's tax returns from the IRS. On June 20th, Plaintiff's counsel informed us that Plaintiff had searched for a copy of her New York State birth certificate but was unable to find a copy; she did produce a hospital record of her birth, but that did not meet the IRS requirements. *See,* Exhibit A. Although Plaintiff produced an executed copy of Form 4506, the IRS will not produce Ms. Hollander's tax records without Ms. Wrubel's New York State birth certificate, which will confirm that Ms. Wrubel is, in fact, Ms. Hollander's daughter. In an effort to resolve this without further motion practice, Plaintiff's Counsel represented that Plaintiff would immediately order her birth certificate from the State of New York, Department of Health. *See,* Exhibit B. Yesterday, I called Plaintiff's Counsel to inquire on the status of Ms. Wrubel's birth certificate and was told that he would

**KELLEY DRYE & WARREN LLP**

Magistrate Judge Lois Bloom
August 1, 2012
Page Two

confirm by noon today whether Ms. Wrubel received her birth certificate or not. As of 5:00 p.m. today, Plaintiff's Counsel has not confirmed whether Ms. Wrubel has received her birth certificate. Discovery in this action ends today. Assuming plaintiff, in fact, obtained the birth certificate, John Hancock respectfully requests that it be allowed to obtain Ms. Hollander's tax records from the Internal Revenue Service and to be allowed to use Ms. Hollander's tax records, if any, as evidence in this action, notwithstanding that they might not be produced until after discovery ends.

At this time we are not requesting that any existing deadline be extended. We anticipate submitting our letter requesting leave to file a summary judgment motion to the Court on August 15.

Notice to Admit

At the May 3, 2012, hearing Plaintiff moved to compel John Hancock to produce life insurance policies issued to insureds who were 78-years old or older in an amount of $5 million or more issued from 2007 through 2010. This Court, citing the reasons discussed in *John Hancock Life Ins. v. Meer*, No. 09-cv-2561 (E.D.N.Y. May 26, 2010) and *Principal Life Ins. v. Mosberg*, No. 09-cv-02571 (E.D.N.Y. Nov. 10, 2009), declined to allow the discovery. Accordingly, on May 4, 2012, this Court issued an order denying plaintiff's motion to compel other insurance policies. [Dkt. No. 35]. In the order, this Court found that John Hancock need not produce "information regarding high value policies requested by plaintiff at this time." *Id.*

On July 2, 2012, Plaintiff produced the Expert Report of William D. Hager which attached fifteen (15) life insurance policies which were purportedly issued by John Hancock (the "Other Policies") to persons 78-years old or older for face amounts above $5 million in 2007 and 2008, that had not been produced previously in this action. (From 2006 through 2008, John Hancock issued 1,061 policies over $5 million to persons 75 years old or above. *See*, Dkt. No. 34.) We do not know why or how these Other Policies were chosen or obtained by Plaintiff's Counsel. Accordingly, on July 12, 2012, John Hancock sent a letter to Plaintiff requesting that Plaintiff tell us from whom the Other Policies were obtained and what methodology, if any, was used in selecting the Other Policies. *See*, Exhibit C. Instead of responding, on July 16, 2012, Plaintiff's Counsel served John Hancock with Requests to Admit (the "Requests to Admit") requesting that John Hancock admit that the Other Policies are true and accurate copies of policies issued by John Hancock and delivered to the owner of each of the Other Policies. *See*, Exhibit D.

The Other Policies are irrelevant. Plaintiff conclusorily and wrongly asserts that John Hancock issued these policies in violation of its underwriting guidelines. Plaintiff has not produced any evidence supporting this assertion, which John Hancock denies. Indeed, at his

**KELLEY DRYE & WARREN** LLP

Magistrate Judge Lois Bloom
August 1, 2012
Page Three

deposition, Mr. Hager testified that he did not collect the Other Policies in line with any expert methodology. Mr. Hager was unable to identify how these Other Policies were selected, the total number of John Hancock policies that were available to Plaintiff's Counsel to chose from, or the criteria used to select the Other Policies. Furthermore, Mr. Hager did not review the underwriting files for the Other Policies and was unable to opine as to which specific underwriting guidelines supposedly were violated by John Hancock in issuing the Other Policies. John Hancock anticipates challenging the use of the Other Policies in a *Daubert* motion or motion *in limine* because of their complete irrelevance. In the interim, John Hancock respectfully requests that it be excused from responding to the Requests to Admit on the grounds that it is overly burdensome on John Hancock to authenticate these irrelevant documents especially when Plaintiff's Counsel should be required to establish their provenance from the person(s) from whom he received them.

Respectfully submitted,

*/s/ Sean R. Flanagan*

Sean R. Flanagan

cc:   Ira S. Lipsius, Esq. (via ECF)
      David BenHaim, Esq. (via Electronic Mail)