

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 888-442-0284
www.lipsiuslaw.com

IRA S. LIPSIUS
Direct Line: 212-981-8442
Email: ilipsius@lipsiuslaw.com

August 15, 2012

**VIA ECF**

Judge William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Shirley Wrubel v. John Hancock Life Ins. Co.
      Docket No. 11-cv-01873 (WFK) (LB)

Dear Honorable Judge Kuntz:

We represent the plaintiff in the above referenced matter. In accordance with Rule III(B)(1)(i) of Your Honor's Individual Motion Practices and Rules, please find a pre-motion conference letter, a prerequisite to filing a motion for partial summary judgment.

Plaintiff is trustee of a Trust which owns two life insurance policies issued by defendant John Hancock Life Insurance Company ("JH") insuring the life of Sara Hollander: Policy No. 93 974 073 (the "073 Policy") in the amount of $5 million issued in April 2008; and Policy No. 94 051 075 (the "075 Policy") in an additional amount of $5 million issued a month later.

After Ms. Hollander passed away, the Trust submitted a claim for the policy proceeds and, when the claim was not paid, the Trust commenced suit. JH's third amended answer with counterclaims, filed on April 10, 2012, asserts that JH is permitted to rescind the policies and deny the claims because (1) the policies lacked insurable interest; (2) the trustee failed to cooperate; and (3) the applications contained misrepresentations.

The Trust now seeks to move for partial summary judgment with respect to the 073 Policy, for judgment in the amount of $5 million plus interest in its favor and with respect to the 075 Policy, for judgment dismissing JH's defenses based on failure to cooperate and lack of insurable interest.

**Choice of Law**

It is respectfully submitted that New York law applies to the policies because under New York choice of law principles, with respect to insurance contracts, the law of the jurisdiction where the insured risk was domiciled applies. See, *2004 Stuart Moldaw Trust v. XE L.I.F.E., LLC*, 642 F. Supp. 2d 226, 237 (S.D.N.Y. 2009), *aff'd.* 374 Fed. Appx. 78, 2010 U.S. App. LEXIS 5392 (2nd Cir. 2010); *Patel v. New York Life Ins. Co.*, 2012 U.S. Dist. LEXIS 72717 (S.D.N.Y. May 21,

LIPSIUS-BENHAIM LAW, LLP

Judge William F. Kuntz, II
August 15 , 2012
Page 2

2012); *Reger v. National Asso. of Bedding Mfrs. Group Ins. Trust Fund*, 83 Misc. 2d 527, 540 (N.Y. Sup. Ct. 1975).

The insured was a New York resident and the Trust-policyowner, was a New York trust. The examination of Ms. Hollander by JH's medical examiner was conducted in New York and the policies were negotiated and solicited in New York. The only New Jersey connection is the possibility that a part of the application was signed in New Jersey and that delivery may have occurred in New Jersey. In sum, the factors overwhelmingly point to the application of New York law.

**Insurable Interest**
New York's insurable interest requirement is codified in Insurance Law § 3205(b). Section 3205(b)(1) addresses individuals obtaining life insurance on their own lives:

> Any person of lawful age may on his own initiative procure or effect a contract of insurance upon his own person for the benefit of any person, firm, association or corporation. Nothing herein shall be deemed to prohibit the immediate transfer or assignment of a contract so procured or effectuated.

Here, there is no doubt that the Ms. Hollander submitted and signed the applications, appeared for medical examinations and was otherwise fully engaged in the procurement of the policy. In fact, throughout discovery, it became abundantly clear that Ms. Hollander was more involved with the procurement of the policies than anyone else.

JH's allegations that the policies lacked insurable interest because they were purchased with the intent to transfer them to strangers to Ms. Hollander's life were addressed by New York's highest court in *Kramer v. Phoenix Life Ins. Co.*, 15 N.Y.3d 539, 940 N.E.2d 535, 914 N.Y.S.2d 709 (2010).

Like JH here, Phoenix, in *Kramer,* alleged that the policy lacked insurable interest because the policies were procured to ultimately benefit strangers. *Kramer*, 15 N.Y.3d 539, 551 940 N.E.2d 535, 541, 914 N.Y.S.2d 709, 715. That claim was rejected by the court of Appeals in *Kramer*.

The court further clarified that for a policy to have insurable interest, the statute simply requires the insured to act freely, which the court defined to mean  free of "nefarious influence or coercion." All of the unrefuted evidence points to the conclusion that Ms. Hollander was fully involved in the procurement of the policy. As such, the Trust is entitled to summary judgment on JH's Fifth Affirmative Defense.

**Failure to Cooperate**
JH's "failure to cooperate" defense is difficult to understand. JH claims that after Ms. Hollander passed away, Ms. Wrubel failed to immediately appear for an interview with JH's investigator or supply a release for Ms. Hollander's medical records. Shortly after Ms. Wrubel was

LIPSIUS-BENHAIM LAW, LLP

Judge William F. Kuntz, II
August 15 , 2012
Page 3

contacted by the investigator, Ms. Wrubel commenced suit. JH appears to be arguing that by filing suit against JH, Ms. Wrubel failed to cooperate with it.

The policy terms do not mandate cooperation. Further, the trustee fully cooperated. On advice of counsel, Ms. Wrubel advised JH's investigator to set up the interview through her attorney, Joshua Berman.[1]

JH asserts Ms. Wrubel failed to provide a medical release. The medical release was provided to JH within a few months of the request. Finally, JH does not and cannot allege that it was prejudiced by Ms. Wrubel's purported "failure to cooperate." Ms. Wrubel appeared (twice) for depositions in this action and Ms. Hollander's medical representations as contained in the actually signed medical application were entirely accurate. JH does not allege that the medical records were of any relevance to this matter.

Accordingly, the Trust is entitled to summary judgment on the second affirmative defense citing failure to cooperate.

**Misrepresentations in the 073 Policy**
The Trust is also entitled to summary judgment concerning the allegations of purported misrepresentations associated with the 073 Policy because there was no valid application attached to the policy.

New York statutes protect insureds from insurers' reliance upon any unsigned representation, application or policy amendment. See, New York Ins. § 3204(a)(1); New York Insurance § 3204(a)(2); New York Insurance Law § 3204(d).

A policy cannot contain anything incorporated by reference, an application can only be admitted into evidence if a "true copy" was attached when issued and no insertion or alteration of a written application can be made by anyone other than the applicant without written consent.

Here, the application relied upon by JH was not the application signed by the applicant and was not a copy of the application signed by applicant. Therefore, JH's untrue assertions of false application are not sustainable as the application relied upon by JH was not attached to the policy and was not a true copy of the signed application. See, *Minsker v. John Hancock Mut. Life Ins. Co*., 254 N.Y. 333, 338, 173 N.E. 4 (1930); *Tannenbaum v. Provident Mut. Life Ins. Co. of Philadelphia*, 53 A.D.2d 86, 105, 386 N.Y.S.2d 409 (1st Dept. 1976), *aff'd* 41 N.Y.2d 1087, 396 N.Y.S.2d 351, 364 N.E.2d 1122; *Zachary Trading Inc. v. Northwestern Mut. Life Ins. Co*., 668 F.Supp. 343, 346 (S.D.N.Y. 1987).

---

[1] As the interview was being arranged, Mr. Berman left his firm to join the law firm of Kelley Drye & Warren, the firm representing John Hancock in this action and so Ms. Wrubel retained other counsel

LIPSIUS-BENHAIM LAW, LLP

Judge William F. Kuntz, II
August 15 , 2012
Page 4

  Since the representations in the unsigned application cannot be used to rescind the policy, the Trust is entitled to judgment in its favor on the 073 Policy in the amount of $5 million plus interest from the date of death.

            Respectfully submitted,

            LIPSIUS-BENHAIM LAW, LLP

            Ira S. Lipsius

ISL:bl