**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7584
EMAIL: sflanagan@kelleydrye.com

October 22, 2012

VIA ECF

Magistrate Judge Lois Bloom
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Shirley Wrubel, as Trustee of the Sara Hollander Irrevocable Life Insurance Trust v. John Hancock Life Insurance Company,* Docket No. 11-cv-01873 (WFK)(LB)

Dear Judge Bloom:

      This firm represents the Defendant John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), in the above captioned action (the "Action"). We reluctantly write concerning this Court's Order, dated June 14, 2012, compelling Plaintiff to produce a copy of her birth certificate and an executed IRS Form 4506 in order to allow John Hancock to obtain the Insured's, Ms. Hollander's, tax records.

      On June 14, 2012, Plaintiff was Ordered to provide her birth certificate and an executed Form 4506 by June 21, 2012, which would allow John Hancock to obtain copies of her mother's tax returns from the IRS. On June 20, 2012, Plaintiff provided a signed Form 4506 and a document from Maimondes Hospital of Brooklyn showing that Ms. Wrubel was born July 1, 1963 (the "Hospital Record"). The Hospital Record is not Ms. Wrubel's birth certificate and does not list either of her parents. A copy of the Hospital Record is attached hereto as Exhibit A for the Court's reference. Upon receipt of the Hospital Record, we explained to Plaintiff's counsel that the IRS would not release Ms. Hollander's tax returns without a birth certificate from Ms. Wrubel to show that Ms. Wrubel is Ms. Hollander's daughter. Plaintiff agreed to provide a birth certificate.

      As of July 31, 2012, Plaintiff had not produced her birth certificate. On August 1, 2012, we wrote Your Honor requesting that notwithstanding the close of discovery, John Hancock be allowed to obtain Ms. Hollander's tax records once Plaintiff produces a copy of her birth

**KELLEY DRYE & WARREN LLP**

Magistrate Judge Lois Bloom
October 22, 2012
Page Two

certificate [Dkt. # 44, 45 and 46]. On August 8, 2012, Your Honor granted John Hancock's request [Dkt. #47]. In our pre-motion conference before Judge Kuntz, on September 19, we informed Judge Kuntz that we had still not received Plaintiff's birth certificate and that it would not prevent John Hancock from filing its summary judgment motion on October 26.

Although John Hancock is proceeding with its summary judgment motion, Plaintiff has not produced her birth certificate. Plainitff's counsel led us to believe numerous times since August 8, that Plaintiff had already ordered her birth certificate and was awaiting its receipt. Plaintiff agreed to order the birth certificate and produce it "upon receipt" in an August 6th letter to this Court. [*See*, Dkt. #45 at 4.] Thursday morning, I was informed that Plaintiff ordered her birth certificate approximately two weeks ago, by phone. According to the New York City Department of Health and Hygiene (the "Department of Health"), you can only order birth certificates via Internet, by mail, or by going to the Department of Health's offices personally. You cannot order a birth certificate by phone.

As discussed in our letter dated August 1, 2012 [Dkt. #44], in February and May 2008, Ms. Hollander made representations in the Applications for two $5 million life insurance policies that her net worth and income was $9 million and $200,000 respectively. Notwithstanding these representations, discovery in this action has shown that Ms. Hollander was living on social security and had less than $100,000 at the time of her death in December 2009. Plaintiff has claimed in this Action that Ms. Hollander had a business partnership and her assets were invested in real estate. There has been no documents produced to support these claims. Ms. Hollander's tax returns would list any assets held by Ms. Hollander. The IRS, however, will only release Ms. Hollander's tax records to a relative. Thus, in order to obtain the tax records, we must submit Plaintiff's birth certificate with an executed Form 4506.

Accordingly, John Hancock respectfully requests permission to file a motion seeking an appropriate order of preclusion.

Respectfully submitted,

Sean R. Flanagan

cc:   Ira S. Lipsius, Esq. (via ECF)
      David BenHaim, Esq. (via ECF)