FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 1 1 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SHIRLEY WRUBEL,

                Plaintiff,

- against -

JOHN HANCOCK LIFE INSURANCE COMPANY,

                Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 1873 (AMD)(LB)

**ANN DONNELLY, District Judge:**

    This case concerns claims arising out of two insurance policies that insured the life of Ms. Sara Hollander, and were issued by defendant John Hancock Life Insurance Company. The plaintiff in this action, Shirley Wrubel, is Ms. Hollander's daughter and the trustee of the Sara Hollander Irrevocable Life Insurance Trust. The plaintiff seeks proceeds under the life insurance policies, along with attorney's fees and interest, while the defendant has counterclaimed seeking, among other things, rescission of the policies due to alleged misrepresentations in the policy applications. A bench trial in this case is scheduled to begin on April 12, 2016.

    The issue currently before me is whether to admit the testimony of the plaintiff's proposed expert witness, William D. Hager, at trial. At a December 8, 2015 conference, the Court asked the plaintiff to submit a letter explaining the need for expert testimony in this case. The plaintiff did so, and explained that Mr. Hager would testify as to the materiality of the alleged misrepresentations made in the insurance applications. (ECF 89, at 3-5.) In response, the defendant submitted a letter requesting that the court exclude Mr. Hager's testimony, arguing

1

that Mr. Hager does not have the qualifications or experience necessary to testify about underwriting life insurance policies, that he did not use a reliable methodology to reach his conclusions, and, in any event, that expert testimony is unnecessary in this case. (ECF 93.) As the parties' letters provided a sufficient basis for a decision on whether to admit the testimony of Mr. Hager, the Court informed the parties that it required no further briefing on the issue.

I have reviewed the letters of both parties regarding the testimony of Mr. Hager, along with Mr. Hager's report. For the reasons explained below, pursuant to Federal Rule of Evidence 702, I find that Mr. Hager's testimony is neither helpful nor admissible. Accordingly, the plaintiff's application to admit Mr. Hager's testimony is denied.[1]

## DISCUSSION

A witness "who is qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony if he has "specialized knowledge" that will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Ev. 702; *see also Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 589-92 (1993). While an "expert may opine on an issue of fact within the jury's province," *US v. Bilzerian,* 926 F.2d 1285, 1294 (2d Cir. 1991), the requirement that an expert possess "specialized knowledge" ensures that he will not testify about "lay matters which a jury is capable of understanding and deciding without the expert's help.'" *Andrews v. Metro North Commuter R. Co.,* 882 F.2d 705, 708 (2d Cir. 1989). Further, it is well-settled that an expert may not give testimony stating legal conclusions. *Hygh v. Jacobs,* 961 F.2d 359, 363 (2d Cir. 1992); *see also Bilzerian,* 926 F.2d at 1294. Whether to

---

[1] In deciding whether to admit Mr. Hager's testimony, the Court makes no finding on the legal standards that are applicable to the parties' claims in this action, which appear to be in dispute. (ECF 89, at 3.) To the extent that the Court references legal standards regarding the parties' claims in this action, it is to decide the issue of the admissibility of Mr. Hager's testimony, and not to decide the law that will ultimately be applicable to the parties' claims in this action. This is an issue reserved for trial.

admit an expert's testimony is within the "broad discretion" of the court. *Rochester Gas and Elec. Corp. v. GPU, Inc.*, 355 Fed.Appx. 547, 551 (2d Cir. 2009.)

Mr. Hager's proffered testimony does not meet these standards. First, I do not find that Mr. Hager has "specialized knowledge" that could assist the trier of fact—in this case, the Court. His report is largely a comparison of John Hancock's underwriting policies with the steps that its underwriters actually took in underwriting Ms. Hollander's policies. (ECF 89-1, Hager Report, ¶¶ 16-19, 21.) In the context of this case, Mr. Hager's process requires no specialized knowledge, and Mr. Hager does not seem to contend that it took any specialized knowledge to make his comparison. (*See e.g.*, ECF 93-1, at 234:9-12 ("I simply read all the guidelines, saw John Hancock's behavior with respect to these guidelines, reached the conclusion that I've articulated here."); *see also Lippe v. Bairnco Corp.*, 288 B.R. 678, 686 (S.D.N.Y. 2003), *aff'd*, 99 F. App'x 274 (2d Cir. 2004) ("[A]n expert basing his opinion solely on experience must do more than aver conclusorily that his experience led to his opinion.") (internal citation omitted).

Nor does the Court require Mr. Hager's assistance in comprehending any "industry standards," to the extent they exist, in order to determine whether the applications included a material misrepresentation or John Hancock acted reasonably.[2] Mr. Hager claims to have identified certain "red flags" in the underwriting materials, including details about Ms.

---

[2] The plaintiff now states that Mr. Hager will testify as to "whether the life insurance industry considered an elderly applicant's financial condition to be material when underwriting high-value policies and the factors which the insurance industry looks to, as a whole, in determining how much premium to charge for such policies." (ECF 89, at 4-5.) But Mr. Hager's report includes no discussion of how the life insurance industry viewed "an elderly applicant's financial condition," as is required by Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (written expert report must contain "a complete statement of all opinions the witness will express and the basis and reason for them.") As the Court finds that Mr. Hager's testimony is inadmissible on other grounds, however, the Court does not reach the issue of whether it should be precluded due to nondisclosure on this issue.

Hollander's financial condition. (Hager Report ¶¶ 13, 15-20.)[3] The subject matter of the proffered testimony, however, is not so complicated that an expert is necessary to assist the trier of fact in conducting an "intelligent evaluation of [the] facts." Fed. R. Evid. 702 Advisory Committee Notes. In other words, the Court is capable of "understanding and deciding" the subject matter of the proffered testimony without the assistance of an expert. *Andrews*, 882 F.2d at 708; *see also Grdinich v. Bradlees*, 187 F.R.D. 77, 82 (S.D.N.Y. 1999) (finding that expert's admissions at deposition revealed that his opinion required no specialized knowledge, which weighed in favor of exclusion of his testimony).

Moreover, Mr. Hager's proffered testimony quite plainly goes to the ultimate issues of materiality and reasonable reliance in this case.[4] In his report, he opines that "[i]f an insurance company issued a policy despite the existence of red flags, it follows that the information flagged was judged not to be material by the insurer to the issuance of the policy." (Hager Report ¶ 9.) He also concludes that it was unreasonable for John Hancock to rely on the information contained in the life insurance applications, and that John Hancock would have issued the insurance even if Ms. Hollander's true net worth had been disclosed. (*Id.* ¶¶ 24-25.) He also observed that "given [John Hancock's] behavior, given the guidelines that came to bear in their

---

[3] These "red flags" include, among other things, that the insured had an annual income of $200,000 when the annual premium for the two policies amounted to $400,000, and that an inspection report showed that Ms. Hollander was overdue on 11 of her 12 credit accounts. (Hager Report ¶¶ 15, 18).

[4] The materiality of a misrepresentation to an insurer is "usually" a question of fact for the trier. *Cohen v. Mutual Ben. Life Ins. Co.*, 638 F.Supp. 695, 697 (E.D.N.Y. 1986). Although materiality may be a matter of law when the evidence of a material misrepresentation is "clear and substantially uncontradicted," *id.*, ultimate legal conclusions are not the proper subject of expert testimony. *Hygh*, 961 F.2d at 363. Similarly, the issue of "reasonable reliance" is generally a factual issue for the trier. *King County v. IKB Deutsche Industriebank AG*, 916 F.Supp.2d 442, 448 (S.D.N.Y. 2013).

underwriting process, it's pretty clear to me that the financials, as communicated, did not constitute a material misrepresentation." (ECF 93-1 at 21:8-22.) Although it is not necessarily improper for an expert to testify to ultimate issues of fact, *Bilzerian,* 926 F.2d at 1294, he should not invade the province of the trier of fact by "tell[ing] [her] what result to reach. *See In re Rezulin Products Liability Litig.,* 309 F.Supp.2d 531, 541 (S.D.N.Y. 2004) (quoting *U.S. v. Duncan,* 42 F.3d 97, 101 (2d Cir. 1994); *see also* Federal Rule of Evidence 704 ("An opinion is not objectionable just because it embraces an ultimate issue.")[5] The Court is capable of understanding the factual testimony, and reaching ultimate conclusions on these issues, without the assistance of an expert. The proffered testimony is within the province of the trier of fact, will not help the trier in deciding factual issues, and is therefore not admissible. *See In re Rezulin Products Liability Litig.,* 309 F.Supp.2d 531, 541 (S.D.N.Y. 2004) (an expert may not "tell the jury what result to reach") (quoting *U.S. v. Duncan,* 42 F.3d 97, 101 (2d Cir. 1994)).[6]

In sum, I find that Mr. Hager's testimony will not assist in understanding the evidence, and that his testimony offers unnecessary conclusions on ultimate issues in this case. For this reason, the plaintiff's application to call Mr. Hager as an expert witness is denied.

**SO ORDERED.**

                                                s/Ann M. Donnelly

                                                Ann M. Donnelly
                                                United States District Judge

---

[6] As I find that Mr. Hager's testimony should be excluded on other grounds, the Court does not address the defendant's argument that Mr. Hager is not qualified to render opinions on life insurance underwriting generally or that his opinions were not reached pursuant to a reliable methodology. (*See* ECF 93, at 2.)

Dated: Brooklyn, New York
March 11, 2016