UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

**SHIRLEY WRUBEL,**

                Plaintiff,

- against -

**JOHN HANCOCK LIFE INSURANCE COMPANY,**

                Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 1873 (AMD)(LB)

**ANN DONNELLY**, District Judge:

I have reviewed the defendant's letter dated March 28, 2016 (ECF 103), the plaintiff's March 31, 2016 response (ECF 106), and the defendant's April 1, 2016 reply (ECF 107). First, defendant John Hancock requests that pursuant to Federal Rule of Civil Procedure 32(a)(4)(d), it be permitted to submit the deposition testimony of nine witnesses in lieu of live testimony at trial, as it has not been able to effect service upon them. The plaintiff does not object to John Hancock's request. As John Hancock has demonstrated that it used reasonable efforts to serve the witnesses identified in its March 28, 2016 letter, but was unable to do so, it may introduce the deposition testimony of these witnesses at trial, with two exceptions. First, as John Hancock was able to serve Eleizer Grinwald on March 22, 2016, his testimony may not be submitted via deposition transcript, and he must instead testify live at trial. Second, the plaintiff says that she expects one of the witnesses on the defendant's list, Mordechai Rubin, to testify as a rebuttal

witness. If Mr. Rubin does appear at trial, the plaintiff should elicit live testimony from him rather than relying on his deposition transcript.[1]

As New York law requires an insurer seeking to rescind an insurance policy based on fraud to tender the premiums paid on that policy by or at the time of trial, *Berger v. Manhattan Life Ins. Co.*, 805 F.Supp. 1097, 1110 (S.D.N.Y. 1992),[2] John Hancock also seeks an order requiring it to deposit the premiums paid on the two life insurance policies with the Clerk of the Court. While the parties now agree as to the amount of premiums paid, they disagree as to whether the deposit should also include interest on this amount. The Court has reviewed the parties' submissions on this point, and finds that John Hancock is not required to tender interest in addition to the premiums that were paid at this time. The plaintiff cited no case requiring a party to tender interest before a decision on rescission of an insurance policy; rather, in the cases cited by plaintiff, the court had already found that an insurance policy was rescinded before requiring a payment of interest on the premiums. Therefore, pursuant to the attached Order, John Hancock is to tender $635,794.44 with the Clerk of the Court by April 11, 2016.

## CONCLUSION

The defendant's letter motion dated March 28, 2016 is therefore granted in part and denied in part.

---

[1] The plaintiff also states that she expects a Mr. Jacobowitz to testify live at trial as a rebuttal witness, but the defendant's list does not include anyone named Mr. Jacobowitz.

[2] The timing of this deposit depends on the posture and circumstances of the claim for rescission. *Id.* Here, the parties do not dispute that John Hancock is to make its deposit by the time that trial begins on April 12, 2016.

**SO ORDERED.**  s/ Ann M. Donnelly

_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
April 1, 2016